The State, *ex rel.* Allen, Administratrix, *v.* Sherill.

*J. W. Robinson*, for appellee.

————————•————————

THE STATE, on the Relation of ALLEN, Adm'x, *v.* SHERILL.

SHERIFF'S SALE.—*Redemption.*—*Lien of Judgment.*—Where land sold on execution for less than the amount of the judgment on which such execution was issued is redeemed by the judgment defendant, under the act of 1861 (2 G. & H. 251), the priority of the lien of said judgment for the remainder of the amount thereof over other judgment liens continues as if such sale had not been made.

APPEAL from the Putnam Circuit Court.

DOWNEY, J.—This was a proceeding by mandate against the appellee as sheriff of Putnam county, by the relator, to compel him to execute to her a certificate of purchase for certain real estate of which she was the purchaser at sheriff's sale.

The facts are, that on the 12th day of October, 1867, the relator recovered a judgment against Harrison and Martin Allen, which became, from that date, a lien on said real es-

tate. On the 17th day of February, 1868, William, George, and Moses Risler obtained judgment against said Martin Allen, which also became a lien on said real estate.

On the 16th day of May, 1868, an execution was issued on the judgment of the relator, which was levied on the real estate in question, and it was advertised, sold, and purchased by the relator, and the sheriff gave her a certificate of purchase. After crediting the amount of her bid, there was a balance due on her judgment of four hundred and ninety-eight dollars and some costs.

On the 17th of July, 1869, the lands were redeemed by the execution defendants. On the 21st of July, 1869, the relator caused another execution to be issued on her judgment to collect the balance due, which was levied on the same lands, August 2d, 1869; and on the same day, August 2d, 1869, the Rislers caused an execution to be issued on their judgment, and had it levied on the same land. The land was advertised for sale on both of the executions, and was sold on the 28th day of August, 1869, and again purchased by the relator for the amount of the balance due on her judgment and the costs. She tendered to the sheriff the amount of the costs and offered to receipt her jndgment in full, and demanded a certificate of purchase, which the sheriff refused to execute to her on the ground that the Rislers claim to share with her in the amount of the purchase-money. She brought the amount of costs into court.

The sheriff appeared to the action, and demurred to the complaint. The demurrer was sustained, and final judgment was rendered for the defendant.

The position of the appellee is, that the land, on redemption, became subject to the lien of all the judgments alike, as if it had been land the title to which the judgment defendants had acquired after the rendition of all the judgments.

The appellant insists that the title never passed out of the execution defendants, because no deed was executed on the first sale, by the sheriff; and that, consequently, on redemp-

tion, the priority of her judgment lien was not in any way disturbed.

We are of the opinion that the position of the appellant is correct. The purchase of the land by her and the receipt of the certificate gave her neither the title to the land nor the right to the possession. If the land had not been redeemed within the year, then it would have been the duty of the sheriff to have executed to her a deed, which would have divested the Allens of the title and conveyed it to her, and that would have entitled her to the possession of the land. The sheriff's deed is the vehicle which conveys the title to the purchaser. 2 G. & H. 250, sec. 472.

But it is urged by the appellee, that, while Mrs. Allen held the certificate of purchase, the Rislers could not levy on and sell the land; that she held it with a complete right to it, subject only to redemption; and that when it was redeemed it became again the land of the judgment debtors, and was to be regarded as newly acquired land and subject to the rule as laid down in *Michaels* v. *Boyd,* 1 Ind. 259, where it is held, that when the judgment debtor is not the owner of land at the time of the rendition of several judgments against him, but afterwards acquires title thereto, each judgment becomes a lien at the same instant that the land is acquired, as if they had all been rendered at the same time; and in such case, the execution first issued and levied has preference.

We cannot assent to this proposition. If the land would sell for any amount over the sum due on the judgment of the relator, the Rislers had only to redeem the land, and then bring it to sale again, when they would have had a lien on the premises for the redemption money against the owner and any junior incumbrancer. Acts 1861, Spec. Sess. 79, sec. 3; 2 G. & H. 251, note.

The judgment is reversed, with costs, and the cause remanded, with instructions to the circuit court to overrule the demurrer to the complaint.

*F. T. Brown,* for appellant.

*S. Claypool, J. A. Matson,* and *C. C. Matson,* for appellee.