CAUTHORN *v.* THE INDIANAPOLIS AND VINCENNES R. R. Co.

REDEMPTION.—*Mortgage.*—*Judgment.*—*Sheriff's Sale.*—*Lien.*—*Rights of Encumbrancers.*—Real estate sold at sheriff's sale, in part satisfaction of a personal judgment and decree foreclosing a prior mortgage lien, may, upon being redeemed from such sale by a purchaser thereof at a sheriff's sale of the same on a subsequent judgment lien, be sold to satisfy the residue of such mortgage judgment, notwithstanding the fact, that, at the time of such latter sale, the debtor has other property subject to execution.

From the Knox Circuit Court.

*H. S. Cauthorn, J. M. Boyle, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler*, for appellant.

*W. F. Pidgeon*, for appellee.

PERKINS, J.—Suit commenced December 13th, 1871, to recover possession of real estate.

The general denial was answered.

Trial; verdict for defendant, and judgment, over a motion for a new trial, on the verdict.

The facts follow:

On the 6th day of January, 1866, Haartje and wife mortgaged to Lewis Ulrich the real estate in question, to secure the payment of a note for one thousand dollars. The mortgage was duly executed and recorded. The mortgagee, Ulrich, died intestate, and, on the 21st day of July, 1869, Anna Ulrich, his widow, was duly appointed administratrix of his estate.

The said real estate became encumbered, subsequent to the mortgage, by judgments, as follows: One on the 5th of May, 1868, in favor of Smith, for twelve hundred and twenty-eight dollars and thirty-two cents; one for two hundred and fifty-eight dollars and forty-four cents, on the 17th of January, 1869, in favor of Bishop; one for one hundred and five dollars and twenty-three cents, on the 4th of February, 1869, in favor of John Toten; one for five hundred and seventy-five dollars and fifty-five cents, on the 9th of February, 1869, in favor of Burton, afterward assigned to LaPlante.

The property was sold on executions upon these judgments, on the 6th day of May, 1869, and purchased by said Smith, Bishop and LaPlante, execution plaintiffs. From this sale there was no redemption, and, on the 18th day of March, 1870, the sheriff made a deed, pursuant to it, to the assignee of the purchasers, who made a deed to the railroad company, the defendant.

So far the defendant's title appears to be subject to the mortgage to Ulrich, which, as we have seen, was dated January 6th, 1866. On the 20th day of August, 1869, being after the sheriff's sale on the judgments junior to the mortgage, through which the defendant claims title, Ulrich obtained a decree of foreclosure and sale upon her mortgage, which decree provided, in the usual form, that the proceeds of the sale should be first applied to the satisfaction of the mortgage, next to junior encumbrances; and, in case there was an insufficiency to satisfy the mortgage, the plaintiff might have execution over for any

balance, etc. The purchasers at the sheriff's sale were parties to this foreclosure suit.

On the 2d day of October, 1869, said real estate was sold by virtue of the decree of foreclosure and sale, above mentioned, for one thousand dollars, and a certificate given to the purchaser. This left a balance of the decree of nearly three hundred dollars unpaid. A short time before the expiration of the year for redemption from this sale on the decree upon the mortgage, the property was redeemed by the purchasers at the first sale by the sheriff, and the redemption money paid to the plaintiff in the decree.

On the 24th day of October, 1870, the plaintiff in the decree of foreclosure ordered a second process for the sale of said mortgaged property, to make the unpaid balance upon her decree, upon which process, duly issued, a sale was had on the 19th day of November, 1870, and the purchase-money, three hundred and fifty dollars, was paid by the appellant, who was the purchaser. The property was not redeemed from this sale, and, at the proper time, the purchaser received a deed from the sheriff to the property.

This is the history of the title of the plaintiff.

There was property other than that covered by the mortgage, that could have been levied on.

On the trial, the court instructed the jury, that the plaintiff could not recover.

The case of *Goddard* v. *Renner*, 57 Ind. 532, decided at the present term, involved most of the questions presented for decision in the case at bar, and that case was decided adversely to the ruling of the court below in this case.

The case above cited is supported by authority. *Davis* v. *Langsdale*, 41 Ind. 399; *The State, ex rel., etc.,* v. *Sherill*, 34 Ind. 57; Rorer Judicial Sales, 314. See, also, *Stein* v. *Chambless*, 18 Iowa, 474; *Curtis* v. *Millard*, 14 Iowa, 128; *Crosby* v. *Elkader Lodge*, 16 Iowa, 399.

The objection of the defendant is, that there could not be a second sale on the mortgage, in this case.

The redemption of the property left the title to it in the mortgagor, subject to the lien of the mortgage for the balance of the sum to secure which it was mortgaged. The right of sale must be coextensive with the lien, unless there is some circumstance appearing that would authorize a court to control it. We discover none in this case.

The title of the plaintiff to the real estate in question appears by the record to be valid.

The judgment is reversed, with costs, and the cause remanded, etc.