Green *v.* Stobo *et al.*

Filed April 19, 1889.

———————◆———————

No. 14,703.

GREEN *v.* STOBO ET AL.

SHERIFF'S SALE.—*Redemption by Heir.—Right of Creditor to Re-Sale.*—Where real estate sold on execution or decretal order is redeemed by an heir of the deceased judgment debtor, the sale is thereby vacated, under section 770, R. S. 1881, and the real estate again subject to sale to satisfy any unpaid balance of the judgment.

SAME.—*Decedent's Estate.—Filing Claim Against.—Release of Lien.—Waiver.*— A judgment creditor, by filing a claim against the estate of the deceased debtor for the unpaid balance of his judgment and procuring it to be allowed, does not release his lien or waive his right to enforce the original judgment by a re-sale of land after the previous sale has been vacated by redemption.

JUDGMENT.—*By Default.—Relief from.—Absence of Attorneys.*—For facts held sufficient, under section 396, R. S. 1881, to entitle a party to relief from a judgment taken against him by default, during the absence of his attorneys, see opinion.

From the Jackson Circuit Court.

*B. H. Burrell*, for appellant.

*F. T. Hord* and *M. D. Emig*, for appellees.

BERKSHIRE, J.—This action was brought by the appellant against the appellees to enjoin the sale on execution

of certain real estate described in the complaint. The record discloses the following state of facts :

On the 30th day of August, 1884, Prince H. Green was the owner of the said real estate, and on that day executed a note to the decedent, Merritt, for one thousand dollars, and a mortgage upon the real estate to secure the note, which was duly recorded. The said Prince H. Green died on the 5th day of December, 1884, intestate, leaving his widow, Rhoda R. Green, and his children, Cyrus L., Junius W., Minnie, Emma, and Marcellus B. Green, as his only heirs. Cyrus L. Green became the administrator of his father's estate. On the 8th day of November, 1886, the appellee Stobo, as administrator of the estate of Merritt, brought suit in the Jackson Circuit Court against said Cyrus L. Green, as administrator, and said widow and heirs, to fore-close said mortgage, and obtained a judgment on the said note for $1,256.68, and for costs taxed at $17.50, and a de-cree of foreclosure. On the 1st day of December, 1886, an order of sale issued upon the said judgment and decree to the appellee Byrne, who was then the sheriff of said county. On the 31st day of December of the same year the said sheriff sold said real estate to the said Stobo, as administra-tor, for the sum of $500. On the 30th day of December, 1887, the appellant, he being one of said heirs of the said Prince H. Green, deceased, redeemed the said real estate from said sale and paid in redemption the sum of $540, and on the 11th day of January, 1888, appellant obtained from the widow and other heirs of his said father conveyances for their interests in the said real estate. On the 31st day of December, 1887, Stobo, as administrator, filed his claim against the estate of the said Prince H. Green for the un-paid balance of said judgment, which was allowed. On the 22d day of February, 1888, the appellee Stobo caused an execution to issue on said judgment of foreclosure to the appellee Byrne, he being still the sheriff of said county, commanding him to sell the said real estate to satisfy the

balance still due on said judgment. On the 5th day of April, 1888, the said sheriff levied said execution on the said real estate and advertised the same for sale May 5th, 1888. It is claimed that by reason of the sale of said real estate upon the order of sale first issued, the judgment became satisfied and ceased any longer to be a lien on the real estate, and that the claim that is now made casts a cloud upon the title of the appellant. There is then a prayer for a temporary and permanent injunction.

The appellees demurred to the complaint, and the court sustained the demurrer ; the appellant excepted to the ruling of the court, and judgment was rendered for the appellee.

The errors assigned are, that the court erred (1) in setting aside the appellant's judgment by default, and (2) that the court erred in sustaining the demurrer to the complaint.

Section 770, R. S. 1881, known as the " Redemption Law," reads as follows : " Whenever any real estate, interest therein, or parcel thereof, sold as aforesaid, shall be redeemed by the owner or any part owner, or persons claiming under them, as above provided, the sale thereof by the sheriff shall be wholly vacated as to the real estate, interest therein, or part thereof redeemed, and the real estate subject to sale on execution, as if such sale had not been made, saving to a part owner redeeming his lien as aforesaid. But whenever real estate, or an interest therein has been sold by the sheriff as aforesaid, no re-sale thereof shall be had upon execution or decretal order issued upon any judgment or decree, junior in lien to that upon which the sale was made, within one year from the date of such sale, unless the same shall have been previously redeemed by the owner or part owner, or some one claiming under either, as above provided."

The language employed in this section seems to be plain, and not difficult to understand. Whenever the owner of real estate which has been sold by the sheriff on execution or decretal order, or the owner of any interest therein, shall re-deem the same from the sale, the sale thus made shall be

wholly vacated as to the said real estate, and the same subjected to sale on execution as if no sale had been made. The redemption operates to restore the lien to the full extent and in all its force, as it existed before the sale, and the real estate is involved to the same degree for the payment of the remainder of the judgment as it was originally for the whole of it.

We quote from the opinion in the very recent case of *Hervey* v. *Krost*, 116 Ind. 268, the following, with reference to the construction to be placed upon the section of the statute under consideration: "When property is redeemed by any person or persons falling within the description of those designated in section 770, the effect of the redemption is to annul or vacate the sale, and the judgment upon which the sale was made, so far as it remains unsatisfied by the bid, again becomes a lien upon the land, and is reinstated to its former position. *Goddart* v. *Renner*, 57 Ind. 532; *State, ex rel.*, v. *Sherill*, 34 Ind. 57; *Bodine* v. *Moore*, 18 N. Y. 347. Accordingly, it has been held that a redemption by one who took a conveyance from the judgment debtor of real estate previously sold at sheriff's sale, or by one who purchased the property at a sheriff's sale made subsequent to the sale redeemed from, simply annulled the first sale, and restored the property to the position it occupied before the sale, with the judgment lien or liens reinstated, for any sums remaining unpaid. *Cauthorn* v. *Indianapolis, etc., R. R. Co.*, 58 Ind. 14." See *Groves* v. *Barber*, 98 Ind. 309; *Duke* v. *Beeson*, 79 Ind. 24. The appellant is clearly within said section 770. He only had the right of redemption because of the interest he had in the real estate by inheritance from his father, the mortgagor.

We can not conceive upon what principle it can be claimed that the appellee Stobo waived or released his lien by filing, and procuring the allowance of, a claim for the balance unpaid on the judgment after the sheriff's sale against the estate

of Prince H. Green. It is not averred or claimed that any part of the claim was paid by the administrator of said estate.

We are of the opinion that the showing was sufficient, and that the court committed no error in setting aside the default and judgment taken against the appellees on the second day of the August term of the Jackson Circuit Court. The judgment was rendered on the 21st day of August, and the application was made to set it aside on the 27th day of the same month and during the same term. The application showed that Stobo, the appellee more particularly interested, as soon as he was served with process, being a resident of Bartholomew county, employed a firm of lawyers residing in that county to take charge of the case for him; that some three weeks before the commencement of the term at which the judgment was taken, one of the firm was called away on business, and was still absent when the term began; that on Saturday, the 18th day of August, the other member was, by telegram, called to the State of Iowa to attend the funeral of his father-in-law, and before going did not have an opportunity to confer with his client, and did not return until after the judgment had been taken; and, in addition, that the said appellee had formed an impression from conversations with his said attorneys that the Jackson Circuit Court did not convene until August 27th.

The application stated a complete defence, which was that the complaint stated no cause of action. The facts as disclosed in the motion and application make a very clear case within section 396, R. S. 1881, and we think that it would have been a denial of justice to have overruled it, and refused to set aside the judgment.

Judgment affirmed, with costs.

Filed April 19, 1889.