Ewing *et al. v.* Bratton *et al.*

Filed Sept. 14, 1892.

___

No. 15,794.

EWING ET AL. *v.* BRATTON ET AL.

MORTGAGE.—*Foreclosure of.—Judgment Creditors.—Redemption by.—Sheriff's Sale by Mortgagee.*—The plaintiff's assignors held two judgments against one W., which were liens on land of W., on which the defendant held a mortgage. She obtained a judgment and foreclosure of her mortgage. The land was sold and she became the purchaser. In a suit to recover by plaintiff's assignors it was held that as against one of their assignments only part of defendants' judgment had a prior lien and they were permitted to redeem for a much less amount than the full amount of her judgment.

*Held*, that as against the plaintiffs defendant might thereafter have foreclosure for the unsatisfied part of her judgment subject to plaintiffs' first judgment and the amount paid to redeem from defendant.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. Roche*, for appellants.

*M. L. Spencer* and *W. A. Branyan*, for appellee.

OLDS, J.—The appellants allege in their complaint that

on March 27th, 1878, Jerome I. Case obtained judgment against one Charles Wolverton in the Huntington Circuit Court for the sum of $254.27, and also on March 18th, 1879, recovered another judgment against the same parties for $263.20; that said judgments had been assigned to the J. I. Case Threshing Machine Company, and the court had found said last named company to be the owner of the same, and said judgments were liens upon the land described in the complaint.

That on December 31st, 1878, Appellee Nix obtained a judgment and foreclosure of mortgage on the same real estate in the same court against said Charles Wolverton and Jemima Wolverton, his wife, for the sum of $2,-843.85, which mortgage antedates the aforesaid judgment, and on the 8th day of June, 1885, said appellee had said land sold on a decree in his foreclosure case for the sum of $3,793.75 to Charles Nix, who paid by a receipt for the said sum executed by him as the agent and attorney of said Elizabeth Nix delivered to the sheriff, and the sheriff issued to him a certificate of purchase; that said Case Threshing Machine Company, as the owner of said two judgments against Wolverton on the 4th day of June, 1886, brought suit against the appellee Elizabeth L. Nix to have said judgment and foreclosure of the said appellee Elizabeth L. Nix against said Charles Wolverton on said land corrected, and the proper and true amount due thereon ascertained, and that it be allowed to redeem said land from said sale. Such proceedings were had in said cause that it was found that said Case Machine Company, by virtue of said judgments aforesaid, had the right to redeem said real estate from said mortgage by paying to said Elizabeth L. Nix the amount of the principal, interest and attorney's fees due thereon, to wit, $2,733.33, and that said company be substituted for and entitled to all the rights and equities held, owned or possessed by the said Elizabeth L. Nix by vir-

tue of her said mortgage; that in pursuance of this adjudication the said Case Company within the time allowed, on December 10th, 1887, paid to the clerk of said court said sum of $2,733.33 with accrued interest thereon, making the sum of $2,736.98. On the same day said Case Company, for and in consideration of $3,605.14, being the amount paid by it to redeem, and the amount of its judgments, which were a lien on said land, transferred and assigned to these appellants all its interest in and to the same, and after this, on the 16th day of December, 1887, the appellee applied to and received of the clerk of said court said sum of $2,736.98, paid by said Case Company for the redemption of said real estate. Afterwards, in December, 1887, the said appellee caused another order of sale to be issued on said decree and to be placed in the hands of the sheriff of said Huntington county, who has levied the same upon the land and advertised it for sale and is threatening to sell said real estate on said writ. The Wolvertons were not parties to suit of the Case Threshing Machine Company to redeem. Upon these alleged facts appellants ask a temporary restraining order until the final hearing and then for a perpetual injunction against the sale.

Appellee answered, and a demurrer was addressed to the answer, and the court carried it back and sustained it to the complaint, and it is this ruling that is complained of and assigned as error, and presents the question as to the sufficiency to the complaint.

It appears from the complaint that the judgment owned by the Case Company rendered in March, 1878, is prior to the judgment of foreclosure, the mortgage being of prior date to such judgment. Appellee Nix recovered her judgment and foreclosure against the Wolvertons. The Case Company, as junior lienholders, and not having been made parties to the foreclosure proceedings, brought suit asking to have a less amount than the face of the judg-

ment and interest fixed as the amount which it should pay in discharge of the lien existing by virtue of the mortgage and prior to their judgment in redemption from the sale, and succeeded in having a much less amount fixed as the amount which they should pay in redemption in discharge of the mortgage lien in so far as they were bound by it, but in this proceeding the judgment and mortgage debtor Wolverton was not a party, so that in so far as the judgment and foreclosure is concerned, as between the appellee herein and Wolverton, the judgment and decree is not affected by the suit of the Case Company. That suit settled only the question as to the amount which the Case Company was compelled to pay to redeem. In other words, it fixed the amount of the debt due the appellee that was junior to the judgment of the appellant. The judgment of Mrs. Nix as against Wolverton remained the same, but by the decree of the court as against the judgment creditor, the J. I. Case Threshing Machine Company, she could only have priority as to $2,733.33.

It is a well settled general rule that a judgment creditor can not redeem from his own sale, that the lien of the judgment upon which a sale is had on the land sold is exhausted by the first sale and does not reattach upon redemption by a junior judgment creditor, but only on redemption by the owner or part owner, his executors or administrators, under the order of the court, or his heirs or devisees or persons claiming a legal or equitable title under him or them. *Hervey* v. *Krost*, 116 Ind. 268; *Green* v. *Stobo*, 118 Ind. 332.

It remains then to be determined what attitude the appellee occupies under the facts alleged in this case. She obtained her judgment against Wolverton for $2,843.81, and for foreclosure of her mortgage. As against him this is a valid judgment.

After the lapse of some years and the accumulation of several hundred dollars in interest she has an order of

sale issued and makes a sale of the land. The appellants' assignors, who are judgment creditors and were not parties to the original judgment, bring suit and have a decree fixing the amount necessary for them to pay to redeem from such sale, and the court holds and enters a decree that as against such junior judgment creditors she only has a prior lien to the amount of $2,733.33, reducing the judgment as against the appellants' assignors several hundred dollars, and they redeem from the sale. While it is true there is but one judgment against Wolverton, yet as modified by the subsequent decree of the court as between the appellants' assignors, the Case Company and the appellee, it is in effect two judgments, one having priority as against the company, and the other being junior to one of the judgments of the company. One portion of her judgment is enforceable by sale on the decree as against the Case Company, and from which they must redeem to derive any benefit from the land in payment of their first judgment; the other part of her judgment is prior to their second judgment.

To protect the junior portion of her judgment Mrs. Nix must pay off or redeem from any sale made on the Case Company's judgment, rendered March, 1878. She made a sale and bid an amount sufficient to satisfy the whole amount due her. She was prevented from having the benefit of the full amount of such sale by such junior judgment creditors bringing suit and compelling her to accept a less amount in redemption of the property. To hold that the unsatisfied portion of her judgment was not a lien upon the land junior to the amount paid in redemption and the appellants' judgment, and that she has no right to sell subject to such prior liens, would deprive her of substantial rights and would be inequitable. It would be depriving her of all right to make her money out of the land though it may be worth much more than all the liens. If she can not enforce her lien against the land

now she never could have done so, since the same state of facts have existed ever since the decree in the action to redeem. She has, according to the judgment of the court, a valid claim against Wolverton for the full amount of her original judgment. The judgment creditors delay action until a sale is made, and she on the faith of the judgment has bid the land off for the full amount; afterwards they come into court and have a decree which permits them to redeem for a less amount.

We think the appellee's judgment must be treated the same as if it were two separate judgments, one a decree of foreclosure having priority to Case Company's judgment of March, 1878, and the other a judgment junior to the lien of such judgment and prior to the Case Company judgment rendered in March,1879, and that as the owner of the junior judgment appellee has a right to sell the land subject to the amount paid in redemption, and the prior judgment in favor of the Case Company rendered in March, 1878, with interest; that she stands in the same attitude as if she had one decree of foreclosure and one judgment, and she had sold on her decree and still retained her judgment unsatisfied, and upon which no sale had been had. After the redemption from her sale on the decree she, as owner of the junior judgment, would have the same rights as would any other person. Besides, the appellants are not in a position to complain. They are not harmed by a sale on the remainder of appellee's judgment. It is junior to one of their liens, and to derive any benefit from the property she will be compelled to pay the appellants' prior judgment and their rights are thereby preserved, and that is all they have a right to ask. The judgment defendant, the mortgagor of the land, is making no question as to the right of the appellee to sell to satisfy the remainder of her judgment.

The appellants were not entitled to an injunction enjoining the appellee from selling.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed with costs.

**Filed** April 27, 1892; petition for a rehearing overruled Oct. 5, 1892.