## MITCHELL v. RINGLE.

[No. 18,300.	Filed April 20, 1898.	Rehearing denied June 17, 1898.]

EXECUTION.—*Judicial Sales.*—*Redemption.*—*Mortgages.*—A redemption of real estate by the owner from an execution sale, made on a decretal order in a foreclosure proceeding, vacates such sale, and such real estate is subject to resale upon a decretal order for the payment of a balance remaining due on the judgment and decree the same as if no sale had been made.  *pp. 16-18.*

SAME.—*Judicial Sales.*—*Redemption.*—A sale of real estate to make the balance remaining due on a judgment in a foreclosure proceeding, after a sale of the mortgaged real estate and a redemption thereof by the owner, made upon a writ in the form of an ordinary execution instead of a copy of the order of sale and judgment, is a mere irregularity, and such sale cannot be set aside in an indirect proceeding, and is in legal effect the same as if made on a copy of the decree and the deed made by the sheriff under such sale vests the title to such real estate in the purchaser the same as if the sale had been made upon a certified copy of the decree.  *pp. 18-22.*

SAME.—*Redemption.*—*Resale.*—*Mortgages.*—The provision of section 1119, Burns' R. S. 1894, that whenever an execution shall issue upon a judgment recovered for a debt secured by a mortgage on real property, the plaintiff shall indorse thereon a brief description of the mortgaged premises, and the equity of redemption shall in no case be sold on such execution, applies to a judgment at law where there is no foreclosure of the mortgage.  *pp. 22, 23.*

From the Noble Circuit Court.  *Reversed.*

*H. G. Zimmerman, L. E. Goodwin* and *A. B. Young,* for appellant.

*T. L. Graves* and *L. W. Welker,* for appellee.

MONKS, J.—Upon the trial of this cause, instituted by appellee against appellant, the court made a special finding of the facts and stated conclusions of law thereon in favor of appellee, and, upon motion, rendered judgment in favor of appellee. The errors assigned call in question the correctness of the conclusions of law.

The special finding, so far as is necessary to the de-

Mitchell *v.* Ringle.

termination of the question presented, is substantially as follows: On June 6, 1889, appellant recovered a judgment in the Noble Circuit Court against Peter Ringle for $2,004.16, and a decree of foreclosure of a mortgage on certain real estate in Noble county securing the said indebtedness against said Peter Ringle and appellee, his wife. It was provided in said judgment and decree that said mortgaged real estate, or so much thereof as should be necessary, should be sold by the sheriff upon a certified copy of said judgment and decree, in like manner as lands are sold upon execution, for the satisfaction of said judgment, interest, and costs; and that in the event said mortgaged real estate failed to sell for a sum sufficient to pay said judgment, interest, and costs, the residue thereof remaining unpaid shall be levied of the goods and chattels, lands and tenements of said Peter Ringle, subject to execution. That an order of sale was issued on said decree of foreclosure, and the real estate described therein advertised and sold by the sheriff on Jan. 2, 1891, to appellant for $1,436.70. On the 1st day of January, 1892, said Peter Ringle, the judgment debtor, under the provisions of the statute, redeemed the property sold under said decree, and on the same day, by deed, conveyed to appellee, his wife, that part of said real estate in controversy in this action. Afterwards, on April 13, 1892, an execution against Peter Ringle was issued on said judgment and decree of foreclosure to the sheriff of said county, who after advertising the real estate ordered sold in said decree, of which the real estate conveyed by Peter Ringle to appellee was a part, sold the same on the 9th day of September, 1892, to appellant, the tract in controversy being bid off at $300.00; and afterwards, on March 15, 1894, the sheriff, by virtue of such

sale, executed a deed to appellant for said real estate. The court stated, as a conclusion of law on said facts, that the sale under said execution and the sheriff's deed were void, and rendered judgment in favor of appellee, quieting her title in and to said real estate conveyed to her by her husband, as against said sheriff's deed.

Is is clear that when the real estate sold by the sheriff on said decretal order was redeemed from such sale by Peter Ringle, the owner thereof, that such sale was wholly vacated as to said real estate and the same was subject to sale upon a decretal order for the payment of the sum unpaid, the same as if no sale had been made. Section 782 Burns' R. S. 1894, (770 R. S. 1881); *Green* v. *Stobo*, 118 Ind. 334; *Hervey* v. *Krost*, 116 Ind. 268; *Ewing* v. *Bratton*, 132 Ind. 345.

After the redemption of said real estate appellant was entitled to an *alias* decretal order to make the balance due on said judgment and decree by the sale of the mortgaged property. An ordinary execution however, was issued on said judgment and decree of foreclosure, and the property in controversy was sold thereon. Did the sale on such execution and the sheriff's deed thereunder give any title to appellant to the property in controversy? In this State the holder of a mortgage may either sue upon the mortgage and obtain a personal judgment against any party to the same liable upon any agreement for the indebtedness secured by the mortgage, and also a decree of foreclosure of the mortgage and sale of the mortgaged property to pay said mortgage and judgment and cost of the action; (Section 1111 Burns' R. S. 1894, 1097 R. S. 1881), or he may sue and recover judgment on the debt secured by the mortgage without a foreclosure of the mortgage. If he forecloses his mortgage and takes a personal judgment as provided

in section 1111, (1097) *supra,* the court orders that the mortgaged real estate, or so much thereof as may be necessary, be first sold before levy of execution upon other property of the defendant. And in such cases the statute provides that a copy of the order of sale and judgment shall be issued and certified by the clerk under seal to the sheriff, who shall sell the mortgaged premises, or as much thereof as may be necessary to satisfy the judgment, interest, and costs, as upon execution, and if any part thereof remain unsatisfied, the sheriff shall forthwith proceed to levy the residue of the other property of the person or persons against whom the personal judgment was rendered. Sections 1113, 1114 Burns' R. S. 1894 (1099, 1100 R. S. 1881). There must be a sale of the mortgaged property under such decree, and the balance due on the judgment ascertained before any of the other property of the mortgagor can be levied upon and sold to satisfy said judgment. *Thomas* v. *Simmons,* 103 Ind. 538, 542-545. If he pursues the course last mentioned, and takes a personal judgment on the indebtedness without a foreclosure of the mortgage, the mortgagor's equity of redemption in the mortgaged real estate cannot be sold on an execution issued on such judgment. Section 1119 Burns' R. S. 1894, (1105 R. S. 1881); *Reynolds* v. *Shirk,* 98 Ind. 480; *Pence* v. *Armstrong,* 95 Ind. 196, 209; *Boone* v. *Armrtrong,* 87 Ind. 168; *Linville* v. *Bell,* 47 Ind. 547. Such judgment is not a lien on the mortgaged real estate. *Rooker* v. *Benson,* 83 Ind. 250, 254.

The judgment and decree were rendered as required by sections 1111, 1113, Burns' R. S. 1894, (1097, 1099, R. S. 1881). The second sale of the mortgaged real estate, the one assailed by appellee, was made in all respects as required by the decree and the statute, except the writ on which the same was sold, which was

in form, an ordinary execution instead of a copy of the order of sale and judgment. This was a mere irregularity, for which the execution might perhaps have been set aside in a direct proceeding brought for that purpose by the proper party before the sale. In *Soule* v. *Champion*, 16 Ind. 165, the process issued on a judgment and decree of foreclosure was not in the form required by statute; it contained no copy of the order of sale, but simply stated the rendition of the judgment and decree of foreclosure, and commanded the sheriff "to levy the money of the defendant's property and the sale of said premises in his county subject to execution," etc. This court held in that case that said writ was not void but merely voidable for irregularity, and that as no motion was made to set it aside the sale thereon was valid.

When any property levied upon by execution remains unsold, and the sheriff returns said execution, it is provided by statute that the lien of the levy shall continue, and the clerk, unless otherwise directed by the plaintiff, shall forthwith issue another execution, reciting the return of the former execution, the levy, and the failure to sell, and directing the sheriff to satisfy the judgment out of the property unsold, if the same is sufficient; if not, then out of any other property of the judgment debtor subject to execution. Sections 752, 753 Burns' R. S. 1894, (740, 741 R. S. 1881).

It was held under said sections by this court in *Richey* v. *Merritt*, 108 Ind. 347, that the levy of an execution upon property of sufficient value to pay the judgment creates a presumption of the satisfaction of the judgment, and operates as such until the levy is legally disposed of, and an *alias* execution issued upon such judgment before the levy is disposed of, is irregular and voidable, and may be set aside upon

Mitchell *v.* Ringle.

motion, before the property is sold under it; but if the execution defendant waives his right to have such *alias* execution set aside, he cannot, after the sale, question the validity thereof on account of the irregular and voidable character of the execution. See also *Kerr* v. *South Park Commissioners,* 8 Biss, 276, 283; 1 Freeman on Ex., Sec. 50.

It would seem clear, therefore, that if an *alias* execution is issued instead of a *venditioni exponas,* which is an order to sell the property taken under a former execution, as provided by section 753, (741), *supra,* is only irregular and voidable, and not void, that an execution issued upon a judgment and decree of fore-closure would be irregular and voidable, but not void. Here the process was issued under the seal of the court, and stated the recovery of judgment, and when and in what court recovered, and fully identified the proceeding upon which it was issued, a reference to which would disclose the fact that the same was a judgment and decree of foreclosure, and that the real estate described therein must be first sold before any other property of the mortgagor could be levied upon. The sale of the mortgaged real estate was made on said process in all respects as required by the decree and the statute. The facts stated in the special finding do not show any excuse for the failure of appellee to take proper steps to set aside the execution, or to otherwise prevent the sale of said real estate thereon. The reasonable inference is that appellee had notice of all the irregularities of said writ, and that she made no objection thereto until the commencement of this action, after the deed was executed, which was two years after said writ was issued.

A defendant may waive irregularities in an execution, and if he do not procure the same to be set aside before sale he will be presumed to have waived them.

*Doe* v. *Dutton*, 2 Ind. 309. Appellee took no steps to have the execution set aside, but permitted the property in controversy to be sold thereunder to satisfy said judgment and decree, and she cannot in this action, commenced long after said execution was issued and sale had thereon, question the validity of such sale on account of the irregularities and voidable character of the writ upon which the sale was made. *Richey* v. *Merritt, supra,* 352, and cases cited; *Johnson* v. *Murray, Admr.,* 112 Ind. 154; *Rose* v. *Ingram,* 98 Ind. 276; *Martin* v. *Prather,* 82 Ind. 535; *Mavity* v. *Eastridge,* 67 Ind. 211; *Lindley* v. *Kelley,* 42 Ind. 294; *Culbertson* v. *Milhollin,* 22 Ind. 362; *Sowle* v. *Champion, supra; Doe* v. *Dutton, supra.*

Appellee insists that the sale of said real estate upon said execution was void under section 1119, Burns' R. S. 1894, (1105 R. S. 1881), which provides that whenever an execution shall issue upon a judgment recovered for a debt secured by a mortgage on real property, the plaintiff shall indorse thereon a brief description of the mortgaged premises, and the equity of redemption shall in no case be sold on such execution. Construing this section with the other sections concerning the foreclosure of mortgages, it is evident that the same only applies to a judgment at law where there is no foreclosure of the mortgage.

Where there is a personal judgment against the mortgagor or other person for the debt secured by the mortgage, and a decree of foreclosure under the provisions of section 1111, 1113 (1097, 1099) *supra,* the said section could not apply for the reason that the equity of redemption of the mortgagor in the mortgaged premises cannot be sold on any writ issued on such judgment and decree. The same gives no authority to sell such equity of redemption. On the contrary, the decree expressly provides, and the statute

Mitchell *v.* Ringle.

requires, that "the mortgaged premises or so much thereof as necessary to be sold to satisfy the mortgage and judgment and cost, be first sold, before levy of execution upon other property of the defendant," and that any balance then remaining unsatisfied after the sale of the mortgaged premises shall be levied of any property of the mortgage debtor. A sale of the mortgaged premises on any writ, issued on such judgment and decree, though said writ may have been voidable for irregularities, and a sheriff's deed thereunder conveys to the purchaser the title covered by the mortgage, the same as if the writ had contained a certified copy of the judgment and order of sale. This court in *Linville* v. *Bell*, *supra*, in speaking of said section, said: "This section, as we understand it, contains a prohibition against the sale of the equity of redemption on an execution issued on a judgment recovered for the mortgage debt, without a foreclosure of the mortgage." Besides, in this case, as we have shown, the estate sold and conveyed by the sheriff on said writ issued on said judgment and decree of foreclosure, was that covered by the mortgage, and the sale was made on and by virtue of the decree of foreclosure the same as if said writ had contained a certified copy of judgment and order of sale, and not merely the mortgagors equity of redemption therein.

It follows that the court erred in its conclusions of law. The death of appellee since the submission of the cause having been shown, the judgment is reversed as of the term at which the submission was made, with instructions to the court below to restate its conclusions of law, and render judgment in favor of appellant in accordance with this opinion.