FLETCHER AVENUE SAVING AND LOAN ASSOCIATION *v.* ZELLER ET AL.

[No. 27,412. Filed May 29, 1940.]

*Herman W. Kothe* and *Grier M. Shotwell,* both of Indianapolis, for appellant.

*Walter G. Todd* and *Charles K. McCormack,* both of Indianapolis, for appellee.

FANSLER, J.—One Searcy and wife were the owners of certain real estate. They borrowed $3,700 from the appellant and executed a mortgage upon the real estate to secure the loan. The loan was not paid, and the appellant brought an action to foreclose the mortgage. When the suit was brought the Searcys were nonresidents of the state and service was had by publication. There was judgment that there was due upon the loan secured by the mortgage $4,074.15, and the mortgage was foreclosed, and there was a decretal order of sale to satisfy the amount due. The sheriff offered the property for sale and the appellant bid, and paid to the sheriff, $3,300, for which the sheriff issued his certificate. Within the year of redemption, the Searcys conveyed the property to the appellee Zeller, and within the year Zeller paid to the clerk $3,517.52 in redemption of the property from the sale upon the decretal order of foreclosure. Thereafter the appellant procured a reissuance of a certified copy of the order of foreclosure, directed to the sheriff, for the purpose of having the property resold to satisfy all of the balance due and secured by the mortgage as shown by the decree of foreclosure. The property was advertised for sale, and the appellee Zeller brought this action to enjoin the

sale. A demurrer to the complaint was overruled, and there was judgment enjoining the sale.

The sole question is stated by appellee Zeller as follows: "May a re-sale of real estate be had upon a decree of foreclosure of mortgage, where it has been once sold and redeemed by a grantee of the mortgagors and where such foreclosure judgment is purely in rem?"

Section 2-4003, Burns' 1933, § 626, Baldwin's 1934, is as follows: "Whenever any real estate, interest therein, or parcel thereof, sold as aforesaid, shall be redeemed by the owner, or any part owner, or persons claiming under them, as above provided, the sale thereof by the sheriff shall be wholly vacated as to the real estate, interest therein, or part thereof redeemed, and the real estate subject to sale on execution, as if such sale had not been made, saving to a part owner, redeeming his lien as aforesaid. But whenever real estate or an interest therein has been sold by the sheriff as aforesaid, no resale thereof shall be had upon execution or decretal order issued upon any judgment or decree junior in lien to that upon which the sale was made within one (1) year from the date of such sale, unless the same shall have been previously redeemed by the owner, or part owner, or some one claiming under either, as above provided. [Acts 1881 (Spec. Sess.), ch. 88, § 5, p. 593.]" It will be noted that the redemption here is by a person claiming under the owner. It has been consistently held by this court from the earliest times that, if the owner, or one claiming under him, redeems, the property may be resold to satisfy the unpaid balance due upon the debt secured. *Cauthorn* v. *Indianapolis & Vincennes R. R.* (1877), 58 Ind. 14; *Hervey* v. *Krost et al.* (1888), 116 Ind. 268, 19 N. E. 125; *Green* v. *Stobo et al.* (1889), 118 Ind. 332,

20 N. E. 850; *Mitchell* v. *Ringle* (1898), 151 Ind. 16, 18, 19, 20, 50 N. E. 30, 31.

As we understand it, the trial court construed the statute to mean that, if there is a judgment in rem foreclosing the lien of a mortgage, and a judgment in personam against the mortgagor, upon redemption from the sale on the decretal order, the property can be again sold, not upon the decretal order, but upon execution on the personal judgment against the mortgagor, and that it cannot be sold again under the decretal order. But the question has been squarely decided to the contrary in *Mitchell* v. *Ringle, supra.* In that case there was a judgment in personam against the mortgagor and a decree of forcelosure of the mortgage. The property was sold under the decree of foreclosure for less than the amount of the mortgage debt. Thereafter the mortgagor redeemd from the sale and conveyed the property to the appellee. Afterward an execution was issued against the mortgagor upon the judgment, and the property was resold by the sheriff for the amount of the mortgage debt which was unpaid. The trial court held that the sheriff's deed upon the second sale was void. Reversing the case, this court said:

"It is clear that when the real estate sold by the sheriff on said decretal order was redeemed from such sale by Peter Ringle, the owner thereof, that such sale was wholly vacated as to said real estate and the same was subject to sale upon a decretal order for the payment of the sum unpaid, the same as if no sale had been made. . . .

"After the redemption of said real estate appellant was entitled to an *alias* decretal order to make the balance due on said judgment and decree by the sale of the mortgaged property. An ordinary execution, how-

ever, was issued on said judgment and decree of fore-closure, and the property in controversy was sold thereon. . . .

"The judgment and decree were rendered as required by sections 1111, 1113 Burns' R. S. 1894, (1097, 1099, R. S. 1881). The second sale of the mortgaged real estate, the one assailed by appellee, was made in all respects as required by the decree and the statute, except the writ on which the same was sold, which was in form, an ordinary execution instead of a copy of the order of sale and judgment. This was a mere irregularity. . . . "

The word "execution," as used in the statute, has always been treated as referring to the execution of the decretal order by sale by the sheriff.

The appellee relies upon the case of *Crampton et al.* v. *Collyer et al.* (1922), 78 Ind. App. 582, 585, 135 N. E. 584, 585, and says: "The Crampton-Collyer case has never been overruled, and was the law at the time Appellee redeemed said real estate, and is now the law." But that case is not a controlling precedent. It is contrary to the rule established by the decisions of this court, and the record shows that there was no petition to transfer filed in that case. The facts in the Crampton-Collyer case are substantially like the ones in the case at bar. The court rested its decision upon the following statement, quoted from *Lipperd et al.* v. *Edwards et al.* (1872), 39 Ind. 165, 170: "A mere judgment of foreclosure, without any personal judgment for the debt or the residue of the debt secured. by the mortgage, after applying the proceeds of the sale, is exhausted by a sale of the mortgaged premises, and cannot become the foundation of another action, for the purpose of making the balance of the debt secured by the mortgage. It is merely a judgment

*in rem,* and when the property has been sold, the judgment has no more vitality." An examination of the Lipperd case discloses the following state of facts: Lipperd mortgaged certain real estate. There was judgment foreclosing the mortgage and the land was sold upon a decretal order. It was purchased by Lipperd's wife for a small sum and there was no redemption. Thereafter the judgment plaintiffs brought an action to subject the real estate in the name of Mrs. Lipperd to the payment of the unpaid portion of their judgments, upon the theory that Lipperd had furnished his wife the money with which to buy the land upon the sale on the decretal order, and that therefore the transaction should be considered in equity as a redemption, and the land made subject to a lien for the balance of the debt. It was held that the allegations were not sufficient to show a fraud upon the part of Lipperd, and therefore they were not sufficient to establish a redemption. There was no personal judgment against Lipperd, and therefore, as the court said, the property, which was the subject of the judgment in rem, having been sold, and there being no redemption by the owner or any one holding under him, and there being no personal judgment against Lipperd, there was no basis for any further action upon the judgment. The Appellate Court, in the Crampton-Collyer case, seems to have misconstrued the effect of this opinion, and concluded that the reasoning applies to a case in which property had been sold upon a decretal order of foreclosure and had been redeemed by the owner. The following language from *Green* v. *Stobo et al., supra,* seems to clearly settle the question (page 335 of 118 Ind., pages 851, 852 of 20 N. E.) :

"The redemption operates to restore the lien to the full extent and in all its force, as it existed before the

sale, and the real estate is involved to the same degree for the payment of the remainder of the judgment as It was originally for the whole of it.

"We quote from the opinion in the very recent case of *Hervey* v. *Krost,* 116 Ind. 268, the following, with reference to the construction to be placed upon the section of the statute under consideration: 'When property is redeemed by any person or persons falling within the description of those designated in section 770, the effect of the redemption is to annul or vacate the sale, and the judgment upon which the sale was made, so far as it remains unsatisfied by the bid, again becomes a lien upon the land, and is reinstated to its former position. *Goddart* v. *Renner,* 57 Ind. 532; *State ex rel.* v. *Sherill,* 34 Ind. 57; *Bodine* v. *Moore,* 18 N. Y. 347. Accordingly, it has been held that a redemption by one who took a conveyance from the judgment debtor of real estate previously sold at sheriff's sale, or by one who purchased the property at a sheriff's sale, made subsequent to the sale redeemed from, simply annulled the first sale, and restored the property to the position it occupied before the sale, with the judgment lien or liens reinstated, for any sums remaining unpaid. *Cauthorn* v. *Indianapolis, etc., R. R. Co.,* 58 Ind. 14.' "

It will be noted that in the Crampton-Collyer case the court treats the sale upon the decretal order as wiping out the judgment in rem against the property, but it overlooks the fact that, where there is a redemption by the owner, the sale is annulled and wiped out. As said in the last case quoted from: "The redemption operates to restore the lien." This language, of course, indicates a recognition that the sale had wiped out the lien, but the redemption wipes out the sale and restores the lien.

Judgment reversed, with instructions to dissolve the injunction and enter judgment for the defendants.

NOTE.—Reported in 27 N. E. (2d) 351, 128 A. L. R. 793.