NATIONAL CITY BANK OF
INDIANA, Appellant–
Plaintiff,

v.

Debra L. MORRIS and Arlene Lovold,
Appellees–Defendants.

No. 54A05–9811–CV–545.

Court of Appeals of Indiana.

Oct. 19, 1999.

Jeffrey E. Ramsey, Indianapolis, Indiana, Attorney for Appellant.

James E. Ayers, Crawfordsville, Indiana, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant National City Bank of Indiana ("NCB") appeals the trial court's ruling in favor of Defendants–Appellees Debra L. Morris ("Morris") and Arlene Lovold ("Lovold").

We reverse and remand with instructions.

### ISSUES

NCB raises one issue for our review. Appellee Lovold raises one issue on cross-appeal, which we will address first because it could be dispositive. We restate the issues as:

I.  Whether NCB, which assigned its rights to foreclose on the mortgage to Lovold, has standing to challenge the circuit court's decision.

II. Whether the trial court erred in ruling that a debtor's wages may be garnished after a judgment of foreclosure but prior to the sale of the mortgaged real estate and the determination of a deficiency judgment.

### FACTS AND PROCEDURAL HISTORY

On December 2, 1996, National City Mortgage ("Mortgage") filed a complaint on a note and to foreclose a mortgage in the Montgomery Circuit Court (the "circuit court action"). The action was filed against Morris and her husband, Kenneth. At approximately the same time, NCB ini-

tiated a complaint for a money judgment and foreclosure in the Montgomery Superior Court (the "superior court action"). The complaint also was filed against Morris and her husband, Kenneth.

On July 31, 1997, NCB obtained a judgment against Morris in the superior court action. Thereafter, NCB assigned an "Equity Reserve Agreement and Mortgage (second position)" securing payment of part of the superior court judgment to Morris's mother, Lovold. Subsequently, on February 20, 1998, Mortgage assigned to Lovold its interest in the note and mortgage at issue in the circuit court action. Previously, Morris and Kenneth had granted a mortgage to Lovold representing a third lien position on the real estate at issue in the circuit court action.

On February 17, 1998, NCB filed a motion for proceedings supplemental in the superior court action against Morris. On March 30, 1998, Morris and Lovold entered into an "Agreed Judgment and Order of Foreclosure" ("agreed judgment") in the circuit court action. Pursuant to the agreed judgment, all three of the above-mentioned mortgages were foreclosed and the Sheriff of Montgomery County was instructed to proceed with the sale of the underlying real estate. Also pursuant to the agreed judgment, the proceeds from the foreclosure sale were to be distributed to Lovold, as holder of the third mortgage and as assignee of the claims of Mortgage and NCB.

On April 6, 1998, Lovold praeciped for a sheriff's sale in the circuit court action, and the sale was scheduled for May 27, 1998. On April 24, 1998, the circuit court approved Morris and Lovold's "Agreed Final Order of Garnishment" ("agreed garnishment order"). Three days later, the superior court held the proceedings supplemental hearing, wherein it entertained NCB's request that Morris be shown eligible for garnishment. On April 28, 1998, the superior court entered a final order of garnishment.

Upon its discovery of the approval of the agreed garnishment order by the circuit court, NCB filed a motion to set aside the order in the circuit court action. NCB based its motion on the fact that Lovold had not yet obtained a deficiency judgment against Morris.

The circuit court heard oral argument on NCB's motion. The court subsequently denied the motion. NCB now appeals from the denial.

## DISCUSSION AND DECISION

### I. STANDING

■ Lovold contends that NCB lacks standing to challenge the agreed garnishment order because it assigned all of its rights and interests in its claims against Morris to her. She cites *Risner v. Gibbons*, 136 Ind.App. 45, 197 N.E.2d 184, 187 (1964), for the proposition that a party which assigns all of its rights is no longer the real party in interest.

The record discloses that in consideration of a cash payment by Lovold, NCB assigned to her (1) a certain mortgage made by Morris; (2) rights under the Equity Reserve Agreement; and (3) a portion of a money judgment against Morris. The record further discloses, however, that the assignment document specifically states that NCB retained its lien against Morris. Because NCB did not assign all of its rights to Lovold, it has standing to challenge the agreed garnishment order.

### II. DENIAL OF NCB'S MOTION

The issue of whether the trial court was correct in denying NCB's motion to set aside the agreed garnishment order turns upon both an interpretation of certain sections of Title 32 dealing with the payment of debt where there is an express written agreement for the payment of money secured by a mortgage and an interpretation of the case law explicating these sections. Ind.Code § 32–15–6–3 provides that in rendering judgment of foreclosure, courts shall give personal judgment against "any

party to the suit liable upon any agreement or agreements for the payment of any sum or sums of money secured by the mortgage." The statute also provides that the court shall order the sale of the mortgaged premises "to be first sold before levy of execution upon other property of the defendant." Ind.Code § 32–15–6–5 provides that the court "shall direct in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be levied on any property of the mortgage-debtor." Ind.Code § 32–15–6–6 provides that the sheriff shall sell the mortgaged property, and if any part of the judgment, interest, and costs remain unsatisfied, "the sheriff shall forthwith proceed to levy the residue of the other property of the defendant." Finally, Ind. Code § 32–15–6–7 provides that a creditor shall not (1) proceed to foreclose a mortgage while "prosecuting any other action for the same debt or matter which is secured by the mortgage"; or (2) "prosecute any other action for the same matter" while foreclosing the mortgage or prosecuting a judgment of foreclosure.

In denying NCB's motion to set aside the agreed garnishment order, the trial court entered an order explaining the court's interpretation of the relevant statutes and case law. The trial court reasoned that the garnishment action pursued by Lovold upon the note was supplemental or auxiliary to the foreclosure proceeding, and it was therefore not the "any other action" prohibited by Ind.Code § 32–15–6–7. The trial court also reasoned that the garnishment action was not a "levy of execution" under Ind.Code § 32–15–6–3. Accordingly, the trial court determined that its entry of an order of garnishment after the entry of the order to foreclose, but before the foreclosure sale and corresponding determination of a deficiency judgment, was proper.

A trial court's interpretation of statutes and case law is a question of law to which this court owes no deference.

*Morgan County v. Ferguson,* 712 N.E.2d 1038, 1043 (Ind.Ct.App.1999). In construing a statute, it is our duty to give effect to the intention of the legislature. *Common Council of City of Peru v. Peru Daily Tribune, Inc.,* 440 N.E.2d 726, 729 (Ind.Ct. App.1982). We examine the statutes as a whole, and the legislative intent as ascertained from the whole prevails over the strict literal meaning of any word or term used in a particular section of the statute. *Golitko v. Indiana Department of Correction,* 712 N.E.2d 13, 15 (Ind.Ct.App.1999). In addition, where our supreme court has determined the legislature's intent in enacting a statutory provision, that determination is binding upon this court. *See Montgomery v. State Board of Tax Commissioners,* 708 N.E.2d 936, 939 (Ind.Tax 1999).

In deciding this issue, we will address the statutes in the same order as the trial court. Accordingly, we first briefly address Ind.Code § 32–15–6–7.

One of the predecessor statutes to Ind. Code § 32–15–6–7 was interpreted by our supreme court in the venerable case of *Cross v. Burns,* 17 Ind. 441, 1861 WL 2979 (1861). In its opinion, the court characterized the issue as whether the statute in question "expressly forbids the prosecution of a proceeding to foreclose, and any other action for the collection of the debt at the same time." *Id.* The court noted that "this is a proceeding at the same time, on the note executed by certain parties, and a mortgage executed by certain other parties" and further characterized the issue as whether under the statute in question "that either the proceedings on the note, or those on the mortgage, must cease; [whether] to attempt to proceed on both is error." *Id.* The court held that the statute did not prevent the prosecution on both the note and the mortgage in the same action because the statute was intended only to prevent such actions in "distinct proceedings." *Id.*

In the present case, NCB appears to accept that Lovold sought to prosecute

both the note and the mortgage in the same action. NCB wisely does not challenge the agreed garnishment order solely on the basis of Ind.Code § 32–15–6–7.

The central issue is whether the legislature, in mandating in Ind.Code § 32–15–6–3 that the mortgaged property must be sold before "levy of execution" on other property of the defendant, intended that the phrase "levy of execution" should include garnishment actions. We find our supreme court's interpretation of the predecessor statutes to Title 32 is indicative of the legislature's intent. Before considering these cases, however, we note the definitions of the key terms.

The term "levy" means to "exact," "collect," or "seize." BLACK'S LAW DICTIONARY 816 (5th ed.1979). "Execution" refers to "a process in action to carry into effect the directions of a decree or judgment." *Id.* at 510. Execution upon a money judgment is "the legal process of enforcing the judgment usually by seizing and selling property of the debtor." *Id.* "Garnishment" is "a statutory proceeding whereby [a] person's property, money, or credits in possession or under control of, or owing by, another are applied to payment of [the] former's debt to third person by proper statutory process against debtor and garnishee." *Id.* at 612 (5th ed.1979). "Garnishment" is also defined as "[a]n ancillary remedy in aid of execution to obtain payment of a judgment. It is an incident to or an auxiliary of judgment rendered in [the] principal action, and is resorted to as a means of obtaining satisfaction of judgment by reaching credits or property of judgment debtor." *Id.*

In *Thomas v. Simmons*, 103 Ind. 538, 2 N.E. 203, 206 (1885), the supreme court determined that the predecessor to Ind. Code § 32–15–6–5 prohibited execution against the debtor on other property until the sale had been completed and the deficiency ascertained. The court held that

the deficiency to be paid by the defendant was uncertain and contingent until the foreclosure sale had occurred. *Id.* The court's holding is in accordance with its statement in *Willson v. Binford, Administrator*, 54 Ind. 569, 571–72 (1876), that a levy upon other property cannot occur until such a levy is ascertained to be necessary by the sale of the mortgaged premises. Furthermore, the court's holding was reiterated in *Mitchell v. Ringle*, 151 Ind. 16, 50 N.E. 30 (1898), wherein the court held that "[t]here must be a sale of the mortgaged property ... and the balance due on the judgment ascertained, before any of the other property of the mortgagor can be levied upon and sold to satisfy [the] judgment." *Id.* at 31 (*citing Thomas*, 103 Ind. at 542–45, 2 N.E. 203).

■ The crux of the case law interpreting the statutes now found in Title 32 is that once a creditor obtains a judgment of foreclosure, it is necessary to wait until the sale and concomitant determination of the deficiency, if any, before levying on any other property. Thus, although a creditor may pursue both judgment on the note and a judgment of foreclosure at the same time, once she obtains a judgment of foreclosure, she may not execute upon any other property of the debtor until the foreclosure sale has occurred and a deficiency has been determined.

■ We conclude that the legislature's prohibition of a "levy of execution" in Ind.Code § 32–15–6–3 includes garnishment, which is an auxiliary means of execution. This conclusion is consistent with our supreme court's conclusion that once the judgment of foreclosure is entered, the amount of deficiency judgment remains uncertain and contingent until the foreclosure sale occurs. Accordingly, we hold that the trial court erred in issuing its agreed garnishment order before the foreclosure sale.[1]

---

1. In its motion to set aside the agreed garnishment order, NCB raised the issue of whether the agreement between Morris and

Lovold was an attempt to circumvent NCB's attempts to garnish Morris's wages by making a fraudulent transfer of property. In doing

Lovold contended below, and the trial court found, that the supreme court's ruling in *Martin v. Holland*, 87 Ind. 105 (1882) allows a creditor to garnish the debtor's wages during the time between entry of a judgment of foreclosure and the foreclosure sale. On appeal, Lovold also cites our supreme court's ruling in *Jaseph v. People's Savings Bank*, 132 Ind. 39, 31 N.E. 524 (1892) in support of her contention. We find these cases to be inapposite. In these cases, the question before the court was whether attachments or garnishments were appropriate vehicles to prevent the respective debtors from committing fraud by conveying their property to others. This is not the issue in this case.

## CONCLUSION

NCB has standing to challenge the propriety of the circuit court's entry of the agreed garnishment order. The trial court erred in issuing the agreed garnishment order before the foreclosure sale and determination of the deficiency.[2] Accordingly, we reverse and remand with directions that the order be vacated.

Reversed and remanded with instructions.

RILEY, J., and ROBB, J., concur.

---

so, NCB also noted that Morris had transferred her stock into a trust for the benefit of her children prior to the proceedings supplemental. We do not reach this issue for the dual reasons that (1) it was not explicitly raised on appeal, and (2) the trial court did not rule on the issue.

2. Of course, a mortgagee is not obligated to seek foreclosure. She may sue on the note and obtain a judgment. The choice to sue on the note does not prevent her from later seeking foreclosure.