MAGENHEIMER ET AL. v. COUNCILMAN, GUARDIAN.

[No. 10,618. Filed November 26, 1919. Rehearing denied January 30, 1920. Transfer denied November 3, 1921.]

1. BILLS AND NOTES.—*Note Executed and Payable in State.— Law Governing.*—Where a note was executed in this state and payable at a bank therein, the rights and liabilities of the parties thereto are governed by the laws of this state, although the note was given as part payment of the purchase price of land located in another state and was secured by mortgage on that land. p. 584.

2. EXECUTORS AND ADMINISTRATORS.—*Husband and Wife.—Joint Debts.—Liability of Estate of Deceased Husband.*—Where a husband and wife executed a note, secured by mortgage, as part payment of the purchase price of land conveyed to them as tenants by entireties, they were joint principals, each being liable for the whole debt, and the husband's administrator, having paid the note as a claim against the husband's estate, was entitled to contribution in favor of the estate, and the widow could not object to a settlement whereby she was charged by the administrator with one-half the liability on the note. p. 585.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

William O. Shufflebarger, administrator of the estate of Valentine A. Magenheimer, deceased, filed his final report, and Laura M. Magenheimer, decedent's widow and Frank Councilman, guardian, filed exceptions thereto. From the judgment rendered, the widow and the administrator appeal. *Reversed.*

*Frank G. Rariden, John C. McNutt* and *Paul V. McNutt,* for appellants.

*Will H. Pigg,* for appellee.

NICHOLS, C. J.—Exceptions of appellee, and of appellant Magenheimer, widow of Dr. Valentine A.

Magenheimer, deceased, to one item of the final report of appellant Shufflebarger, as administrator of the estate of said deceased. Said administrator paid a note which his decedent had executed, together with his wife, for part payment of the purchase price of certain real estate located in the State of Arkansas, which was conveyed to himself and wife, as tenants by entireties. The note was secured by a mortgage executed by them on the land purchased. The administrator charged one-half of the note to the estate, and the other half to the widow, and made settlement with each of them and filed his final report accordingly. Appellee filed exceptions to the final report, contending; that the estate of said deceased should have paid none of said note, and the widow filed her exceptions, contending that the estate should have paid all of it. The exceptions of appellee were sustained, and the exceptions of the widow were overruled, and judgment was entered accordingly against the administrator, and against the widow, directing the administrator to proceed further with the collection of the assets of the estate. From this judgment, after respective motions for a new trial were overruled, this appeal.

The errors assigned are overruling the respective motions for a new trial. The only question involved is whether the administrator was authorized to pay

1. out of the estate of his decedent, any part, one-half, or all of the note executed by such decedent and his wife for part payment of the purchase price of the real estate deeded to himself and wife, she having executed the note with him, together with the mortgage to secure it. The note was executed in Indiana, and payable at a bank in Indiana, and the rights and liabilities of the parties thereto are therefore governed by the laws of Indiana. *Fordyce* v. *Nelson* (1883), 91 Ind. 447; *Brown* v. *Jones* (1890), 125 Ind. 375, 25 N. E. 452,

21 Am. St. 227; *Midland Steel Co.* v. *Citizens Nat. Bank* (1904), 34 Ind. App. 107, 72 N. E. 290. The note filed as a claim against the decedent's estate as well as the mortgage securing the same which contained a promise to pay, was executed by the decedent and appellant wife, for a part of the purchase price of real estate conveyed to them as tenants by entireties. They were then joint principals, each being liable as principal for the whole debt. *McLead* v. *Aetna Life Ins. Co.* (1886), 107 Ind. 394, 8 N. E. 230; *Kelley* v. *York* (1915), 183 Ind. 628, 109 N. E. 772. Having paid the note as administrator, he was entitled to contribution in favor of decedent's estate, which he accomplished in his settlement with the widow. Decedent having in his life time assumed the obligation of a principal on the note, we do not see how his death could change his status, and certainly the widow should not complain.

The judgment is reversed, with instructions to the trial court to overrule appellee's exceptions, and to approve the final report.