McLOCHLIN ET AL. *v.* MILLER.

[No. 20,263. Filed June 7, 1966. Rehearing denied September 7, 1966. Transfer denied October 19, 1966.]

*Zane E. Stohler* and *Mendenhall, Hunter & Stohler,* of Winchester, and *George F. Stevens,* and *Stevens and Wampler,* of Plymouth, for appellants.

*Willard G. Bowen* and *Bowen & O'Maley,* of Richmond, for appellee.

WICKENS, P.J.—A single question is presented by this appeal. Is the estate of a deceased wife liable to her husband by way of contribution where they were joint principals on a note and he has paid the same?

The mechanics of the action here were that appellee, the husband, filed a claim against the estate of his deceased wife for one-half of the promissory note signed by both of them. The proceeds of the note had been used to acquire real estate titled in the husband and wife by entireties. They had also secured the debt by a mortgage on that real estate, which encumbrance was unsatisfied at the wife's death.

In trial without a jury the court held that the husband was entitled to recover one-half of the balance on said mortgage from deceased wife's estate. The trial and judgment also involved other sums owing by the respective parties, no part of which is in question here.

In 1919 this court passed upon a similar question in the case of *Magenheimer* v. *Councilman, Gdn.* (1919), 76 Ind. App. 583, 125 N. E. 77 (Transfer Denied). There the husband and wife purchased real estate in Arkansas which was conveyed to them as tenants by the entirety. The purchase money note and mortgage were executed by both of them. On the death of the husband the note and mortgage were filed as a claim in the husband's estate. The administrator paid the full amount of the note. In his settlement he charged one-half of the note to the estate and the other half to the widow. Exceptions were filed to this report in which the widow contended the estate should have paid all of the note and the other heirs claimed the estate should have paid none of it. The trial court held that the widow was liable for all of the note. The decision of this court on the appeal concluded that the estate was entitled to contribution from the widow and she was responsible for one-half. The effect is that each co-maker remained liable for half, notwithstanding the fact that the collateral was held as tenants by entirety. The decision of the trial court in this appeal appears to be consistent with the holding in *Magenheimer, supra.*

In the trial court, to present their contended equitable theory, appellants filed an amended answer. The second paragraph was affirmative and set out many statements of fact calculated to show the alleged inequitable situation. In part it recited that the deceased wife had children by a prior marriage; that the union of claimant and decedent was a second childless marriage; that appellee entered matrimony without funds and the deceased wife had at that time both real estate and funds, and further that at the wife's death the value of the real estate (purchased by proceeds of the joint and several note) was in excess of the amount owing on said note and that there was therefore no requirement that the note be paid. A demurrer was filed to this second paragraph and sustained by the trial court. Evidence on the matters mentioned is in the record, however.

Appellants say the factual situation is not the same here as in *Magenheimer, supra,* in that the debt there was asserted as a claim against the estate and was allowed as such, thereby requiring the estate to pay the whole debt. It is also appellants' argument that in the earlier case there was not the clear factor of the security value exceeding the debt.

We deem it necessary under this attack to revisit the question of whether a surviving tenant by the entirety may enforce contribution from the estate of the deceased tenant.

Decisions should be governed by precedent but if the reason for the precept has ceased the rule should be discontinued. *Rouse* v. *Paidrick* (1943), 221 Ind. 517, 526, 49 N. E. 2d 528; 7 Ind. Law Encyc., Courts § 61, pp. 447, 448.

The doctrine of stare decisis et non quieta movere, "to stand by the decisions and not to disturb settled points," has been accused of causing the legal profession to look backward instead of encouraging prospective vision. Because as it has been said, good law is stable but does not stand still, it is always incumbent on a court when the question is properly raised, to investigate the wisdom of precedents established many years ago. We will attempt an examination of the rationale of *Magenheimer, supra,* with deference for the need of stability in law but not with complete reverence for the status quo.

Appellants state that the right of contribution is based upon principles of equity. The right of contribution, they say, is there to make those who assume a common burden, bear it in equal proportions. This is a well understood and agreed abstract rule. As such it is abundantly supported by authorities. 6 Ind. Law Encyc., Contribution § 1, p. 328.

They next argue that it is inequitable to require the estate of a deceased spouse to contribute to the discharge of an encumbrance on property, the entire ownership of which is in

the surviving spouse. With that tenet the authorities are not in agreement.

We find the better dogma to be premised on the theory that contribution is a right which flows from the debt and it is not affiliated with the security. The fact that there is collateral is not consequential. The "common burden," a term so frequently used in the basic contribution rule, refers to the obligation, not to the collateral.

A common interest in the land or property which is used to guarantee or secure the joint debt is not an element that should affect the right of contribution.

Indiana law holds generally that a joint and several obligation may be enforced by the creditor against both or either and as between obligors each ordinarily is liable for one-half.[1] *Judd* v. *Small* (1886), 107 Ind. 398, 399, 8 N. E. 284; *Sexton* v. *Sexton* (1871), 35 Ind. 88, 90, 91.

Our Probate Code provides that contracts executed by a decedent with any other person shall be deemed to be joint and several and the amount due thereon shall be allowed against the estate as if the contract were joint and several. Acts 1953, ch. 112, §§ 1404, 1405, p. 295, §§ 7-804, 7-805 Burns' 1953 Replacement.

Additional questions are raised by appellants. They say contribution should not apply: 1) since mortgagee did not file a claim in the estate and because such claim is now barred by time, the claimant's payment therefor was voluntary and was not under compulsion; 2) because of the ample collateral the mortgagee was not demanding payment and therefore payment by claimant was voluntary; and 3) since claimant merely gave his note and thereby took up the joint note, the claimant really did not make payment. None of these ob-

---

1. The Uniform Commercial Code makes no apparent change in this rule.

Acts 1963, ch. 317, § 3-415, p. 539, § 19-3-415 Burns' 1964 Replacement, Vol. 5, pt. 2, Indiana Comment, p. 277.

jections constitute a valid shield to contribution under circumstances here.

It is true that payment must be made under compulsion to entitle payor to contribution. But such pressure exists sufficiently to establish the right to contribution whenever there is a legal obligation to pay. The claimant is not obliged to wait until suit is brought to claim compulsion. 18 Am Jur 2d, Contribution § 11.

The estate was relieved of actual liability. Even though the note was not due it is the foundation of a legal claim against the estate. The Probate Code provides a claim may be filed "whether such claim be due or not." There being legal liability, payment was not voluntary. Acts 1953, ch. 112, §§ 1402, 1403, p. 295, §§ 7-802, 7-803 Burns' 1953 Replacement.

It is not necessary that the joint obligation be paid in cash to entitle claimant to contribution. Payment made by another note is sufficient. *Keller et al.* v. *Boatman* (1874), 49 Ind. 104, 109.

It develops that in the 47 years since *Magenheimer, supra,* the question presented here has arisen in other jurisdictions. The majority of those decisions are found to follow the holding in *Magenheimer, supra.* This is the subject of a note in 76 A. L. R. 2d 1004. There the annotators interpret the *Magenheimer* case, as we do, to support the foregoing rules. It is also there stated that requiring contribution from the estate conforms to the majority rule. Further, the authors say at pages 1006, 1007 of 76 A. L. R. 2d:

> "The majority view would seem to be the better one because it effects a compromise, in a certain sense, by dividing the burden between the estate of the deceased and the survivor, and also because, resulting from the fact that it *is* the most widely accepted position, it offers the stability of an accepted rule of property."

The minority cases which proclaim the same theory as appellants are not in agreement with each other. Nor do

they all accept any common element recognizable to us. For instance, the New York cases throw no light on the rule that should prevail in Indiana. That is because according to the cases cited, New York state law required the exhaustion of the collateral before contribution could be obtained. Indiana law is exactly the opposite, as the creditor may enforce the mortgagor's personal liability irrespective of the mortgage. *Mitchell* v. *Ringle* (1898), 151 Ind. 16, 18, 50 N. E. 30, 68 A. S. 212; *Lewis* v. *Davis* (1944), 114 Ind. App. 715, 719, 55 N. E. 2d 119; 20 Ind. Law Encyc., Mortgages § 142, p. 119.

Also, Florida is among the minority states holding that contribution should not be allowed in the circumstances here. In the latest case there it is held that the attributes of an estate by entireties, where it is used for collateral security, become the attributes of the debt itself. This would mean that the debt would be considered as owed wholly by each spouse. Again, as has been pointed out here, Indiana law permits enforcement against both or either but as between obligors *each* is liable for one-half, in the ordinary case. To adopt the reasoning in *Lopez* v. *Lopez*, 90 So. 2d 456 (Fla. 1956) would inject a fundamental change in existing Indiana law. We do not find this decision as a precedent of any assistance here.

A Massachusetts case cited with the minority view is distinguished in that it involved a case of joint tenancy. In joint tenancy, unlike tenancy by entirety, the survivor acquires an interest in real estate which was not previously possessed by the joint tenant. Thus it would seem that equity might intervene to protect the estate from contribution where by reason of death property passes to a survivor. The common law fiction as to the survivor in a tenancy by entirety, contrasted to the surviving joint tenant is said to be:

". . . 'If a joint tenant dies during the existence of the joint tenancy, his moiety goes to the survivor by the *jus accrescendi*, or right of survivorship; but when a tenant by entirety dies, the survivor holds the entire estate, not by virtue

of any right which he acquires as survivor, but by virtue of the original grant or devise.' . . ." *Wallace* v. *Wallace* (1953), 123 Ind. App. 454, 457, 110 N. E. 2d 514, (Transfer Denied).

In rationalizing that a surviving joint tenant might not be entitled to contribution because he has been benefited, we do not pass upon that question. We merely mark that there is a basis of difference in the Massachusetts case of *Ratte* v. *Ratte et al.* (1927), 260 Mass. 165, 156 N. E. 870, which is the case on which principle a later decision in that state relating to tenancy by entirety was made.

As contra to the out-of-state cases discussed, decisions in Delaware, Maryland, New Jersey, North Carolina, Pennsylvania, Tennessee, and Virginia have followed the Indiana rule set in *Magenheimer, supra.*

The case of *In Re Keil's Estate* (1958), 51 Del. 351, 145 A. (2d) 563, 76 A. L. R. 2d 996 heads the A. L. R. note referred to and is a majority decision in which the *Magenheimer* case is upheld. This thoroughly considered Delaware decision indicates that the law there, with relation to this entire question, is in all respects similar to Indiana.

The existence of decedent's children by a prior marriage and the unequal financial resources, at first impression might appeal to equity as a valid argument against contribution. However, we do not concede that all equity is on either side of the facts here. More important than our conclusion as to what is fair is the fact that no durable rule can be established on the appealing facts of this case or on any other isolated state of facts. To the same effect we find from the circumstances that the property here was worth more than the amount owing at the death of the wife. A new element would be introduced into the Indiana doctrine of contribution, if it were held that contribution could not be enforced against an estate where that situation exists. Establishing value, of itself, is uncertain and involved. We could base no consistent rule on such a nebulous circumstance as whether the value exceeded the debt.

It is our conclusion that no reason exists which would justify a variance with the holding in the *Magenheimer* case. We find law and equity served by the action of the trial court in sustaining appellee's demurrer to defendant-appellants' second paragraph of answer and in finding for the claimant on the merits.

There was no error in overruling the motion for new trial and the judgment is affirmed.

Carson and Faulconer, JJ., concur.

Prime, J., dissents.

NOTE.—Reported in 217 N. E. 2d 50.