**In the Matter of ESTATE of Clay M. SMITH, Deceased.**

**No. 3–778A170.**

Court of Appeals of Indiana, Third District.

April 12, 1979.

Jeffry G. Price, James A. Berkshire, Keith, Berkshire & Keith, Peru, for appellant.

Jesse A. Brown, Brown, Brown & Rakestraw, Rochester, for appellee.

GARRARD, Presiding Judge.

This appeal arises from objections filed by a widow to the final account in her deceased husband's estate.

The pertinent facts are easily stated. In May 1974 the decedent, who was then unmarried, financed the purchase of a residence by borrowing $60,000 from the First National Bank of Rochester (the bank). In return he executed a promissory note payable in monthly installments over fifteen years, a purchase money mortgage, an assignment of rental income from a business property and a pledge of certain savings certificates. Title to the real estate was conveyed to the decedent in his name.

In July the decedent married the appellant (widow). He then conveyed title to the residence to himself and his wife as tenants by the entireties. The mortgage was not mentioned in the deed. In October he died, leaving as devisees his three adult children. The widow elected to take against the will.

Prior to the decedent's death payments on the bank's mortgage had been made through the assignment of business rent. The bank, which qualified as executor of the estate, continued this practice during administration of the estate. However, when the final account was filed it proposed to charge the mortgage payments made

during administration against the widow's distributive share. She filed objections, which were overruled by the trial court, and this appeal followed. Implicit in the issues presented is the question of primary liability for the payment of the mortgage installments falling due after the estate is closed and final distribution has been made.

The widow advances two arguments for reversal. She first contends that since only the decedent executed the note and mortgage, only his estate should be liable for the payment of the mortgage debt. In support of this contention she cites our decisions in *McLochlin v. Miller* (1966), 139 Ind.App. 443, 217 N.E.2d 50 and *Magenheimer v. Councilman* (1919), 76 Ind.App. 583, 125 N.E. 77. Reliance upon these decisions is misplaced. They stand for the proposition that where *both* husband and wife were liable on the note and mortgage the surviving partner who paid the debt was entitled to contribution from the estate of the joint obligor.

In the instant case, the widow was not jointly liable on the note. Nor did her husband's death and her ensuing sole title to the real estate create any personal liability to pay the note.

IC 29–1–14–3 permits filing claims against estates for claims not yet due and the mortgagee could have elected to file a claim in the estate for the then present value of the mortgage debt.[1] However, as a secured creditor it was not required to do so. IC 29–1–14–1. Thus, the estate correctly argues that when as mortgagee it failed to file a claim in the estate, it was left to look to its security for satisfaction of the debt.

Thus, on the basis of merely the note, mortgage and deed, the widow was not personally liable for payment of the remaining debt. However, she acquired no greater interest in the real estate than was held by her husband, i. e., title in fee simple subject to the lien of the mortgage to the bank for the unpaid balance of the note. Thus, while she was not liable to pay the debt, she was liable to have the real estate sold on foreclosure if the debt was not paid.

That, however, is not the end of the matter. More was involved than simply the note, mortgage and deed, for at the time the note and mortgage were executed the decedent executed and delivered to the bank and it accepted an assignment of rent. While this latter instrument recited that it secured payment of the note, it did more than merely pledge the rentals as collateral for the loan. Instead it read as follows:

"For value received I, Clay M. Smith, surviving widower of Helen E. Smith, deceased, do hereby sell, assign, transfer and set over to The First National Bank of Rochester, Rochester, Indiana, the sum of $590.85 from each monthly lease rental payment hereafter received from Marsh Supermarkets, Inc., pursuant to the terms of a certain Lease Agreement made between the undersigned and his now deceased wife, Helen E. Smith, as Lessor, and said Marsh Supermarkets, Inc., as Lessee, which lease is dated November 22, 1971."

This assignment was absolute on its face. It was for the exact amount of the monthly payment on the note and mortgage and was less than the monthly rental paid under the lease. The payments on the note were, in fact, made in this fashion during the decedent's lifetime. While it might be deemed conditional in the sense the decedent as assignor-mortgagor could have elected to make his payments with other monies, it was absolute in the sense that it was and is binding upon both the estate and the devisees of the property which was subject to the lease.[2] *See* 6 Am.Jur.2d, *Assignments* § 16.

---

1. We do not speculate upon the extent the proceedings herein may have been complicated by the bank's willingness to continue to serve as executor of the estate once the conflict with its status as mortgagee became real.

2. The right of the mortgagee is to have the payments on the note paid as and when they come due.

Thus, the payments made during the administration of the estate were a proper liability of the estate which collected the rents that were the subject of the assignment. Therefore they are not a charge against the distributive share due the widow for they do not represent an obligation for which she is liable nor a prior lien upon estate assets which she is to receive. *See* IC 29–1–14–20.[3]

Analogous to the operation of IC 29–1–14–20 (had the assignment merely created a lien) the devisees of the real estate which was the subject of the lease are not entitled to have their distributive share of the estate increased by receiving ownership of a leased property sans assignment. All the estate received was that property together with the lease out of which the sum of $590.85 per month had been assigned to payment of the note due the bank.

Reversed and remanded for further proceedings in conformity with this opinion.

HOFFMAN and STATON, JJ., concur.

---

**3.** The statute concerns the authority of the personal representative to protect estate assets which are encumbered, and provides, "The making of such payment [by a personal repre- sentative] shall not increase the share of the distributee entitled to such encumbered assets unless otherwise provided by will."