INDIANA DEPARTMENT OF REVENUE, INHERITANCE TAX DIVISION, Appellant (Defendant Below),

v.

SECURITY BANK & TRUST CO., Personal Representative of the Estate of Lawrence D. O'Donnell, Jr., Deceased, Appellee (Plaintiff Below).

No. 1–379A87.

Court of Appeals of Indiana.

Aug. 6, 1979.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellant.

Thomas S. Emison, and Jeffrey B. Kolb, Vincennes, for appellee.

---

ROBERTSON, Judge.

The Indiana Department of Revenue, Inheritance Tax Division (Department) appeals an adverse decision in a rehearing concerning a deduction taken by the estate of Lawrence D. O'Donnell, Jr., (Estate) in its computation of the inheritance tax due.

We reverse.

The facts are not in dispute. On November 19, 1974, Lawrence D. O'Donnell, Jr., died. In the determination of the inheritance tax liability, his executor filed a schedule of all assets which listed a mortgage lien on certain real property as a deduction. This property had been held by the decedent and his surviving spouse by tenancy by entirety. On September 26, 1975, an Order Determining Value of the Estate and Amount of Tax was issued by the trial court. Department petitioned the court for a rehearing of the proper inclusion of this deduction. The rehearing was eventually held and an order given denying the relief petition for by the Department. This appeal followed.

The Department basically relies on *Ind. Code* 6–4–1–4(a)(6) and its administrative regulation, Ind.Admin.Rules & Regs. (6–4–1–4)–2 (Burns Code Ed.), as its argument.[1] The statute provides in relevant part:

In determining the value of property transferred by will or intestate laws in a resident decedents' estate, the following deductions and no others shall be allowed from the fair market value of the property to which the transfer relates:

(1) Debts of the transferor which constitute lawful claims against his resident estate . . .

(6) Mortgages and special assessments which at the time of [the] death of the transferor were a lien on [the] real property located within this state and taxable under this act shall be deducted only from the value of such property.

The rule provides:

Liens, taxes or unpaid indebtedness on certain real estate and personal property not allowable.—Taxes, mortgages and any other liens *or unpaid indebtedness on real estate* held by the decedent and spouse by the entireties, which real estate is not subject to inheritance tax, are not allowable deductions, nor is any lien, tax or unpaid indebtedness on real estate or tangible personal property, owned by the decedent and located outside the state of Indiana, an allowable deduction. [Emphasis added].

There is no argument by the Estate that the regulation was not properly promulgated, and we note that the Department had the authority to do so under IC 6–8–3–8 and IC 6–4–1–31[2].

The rule is well-established in Indiana as to the effect of duly promulgated rules of administrative agencies:

It has been held that where administrative bodies have been created by the Legislature, the rules they make must be reasonable and reasonably adapted to carry out the purpose or object for which these administrative boards were created. If they are in conflict with the state's organic law, or antagonistic to the general law of the state, or "opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards," they are invalid. [Citations omitted].

*Mobley v. City of Evansville* (1960), 130 Ind.App. 575, 167 N.E.2d 473; *Morris v. City of Evansville* (1972), 152 Ind.App. 50, 281 N.E.2d 910.

The Estate's argument is essentially an "end-run" around IC 6–4–1–4(a)(6). They begin by noting that a mortgage transac-

---

1. The Estate argues that the case should be summarily affirmed because the appellant failed to comply with A.P. 8.3(A)(4) by not including a verbatim statement of the trial court's judgment in its statement of the case. While we do not endorse such a failure, the judgment was a finding for the Estate without clarification, comment or rationale and thus the omission was not critical. *See Suess v. Vogelgesang* (1972), 155 Ind.App. 631, 281 N.E.2d 536.

2. IC 6–4–1–1 *et. seq.* have been repealed by 1976, P.L. 18, § 2; for present law see IC 6–4.1–1–1 *et seq.*

tion consists of two elements: the debt as evidenced by a note and the security agreement. The estate maintains (although their description in the schedule of deductions does not indicate it) that they are deducting the *debt* under IC 6–4–1–4(a)(1), not the mortgage lien under (6). In the Estate's viewpoint, (6) is only for real property owned by the decedent with a mortgage attached, but where the decedent is not personally liable for the debt. To the Estate, (1) should handle all other situations where there is mortgaged property.

The regulation quoted above takes the view that if the real property is not included in the estate then "taxes, mortgages and any other liens or unpaid indebtedness" relating to the property should not be taken as deduction on the property. The statute clearly states that taxes and mortgages can be deducted only if the real property to which they relate are in the estate. The regulation, however, adds indebtedness to this list in its interpretation of the statute.

We see the regulation as a reasonable interpretation of the statute. If the existing mortgage lien cannot be deducted if the property is not included in the estate, then the underlying debt cannot be deducted either. To rule otherwise would make a nullity of IC 6–4–1–4(a)(6) which limits a deduction on encumbered property to that of property included in the estate.[3]

Judgment reversed.

LOWDERMILK, P. J., and LYBROOK, J., concur.

---

**3.** The Estate, as is typical, paid off the debt secured by the mortgage shortly after the estate was opened. Under *McLocklin v. Miller* (1966), 139 Ind.App. 443, 217 N.E.2d 50, this would allow a claim against the estate for one-half the amount of the indebtedness. The Estate here, however, *does not present its claim* for a deduction on these facts. Rather, it maintains that because on the date of death the decedent was personally liable for the full debt, the full amount is a lawful debt, regardless of IC 6–4–1–4(a)(6). We decide only this contention. We express no opinion as to whether one-half of the paid-off debt (with the mortgage thus extinguished) is a lawful claim against the estate and thus deductible for inheritance tax purposes.