Thomas BUCHTA, Appellant
(Defendant below),

v.

Francis J. SENG, Appellee (Plaintiff below).

No. 1-582A112.

Court of Appeals of Indiana,
First District.

Feb. 14, 1983.

Paul J. Vogler, Shoals, for appellant.

Howard B. Lytton, Jr., Steven L. Ripstra, Lytton & Ripstra, Jasper, for appellee.

ROBERTSON, Presiding Judge.

Thomas J. Buchta (Buchta) appeals the trial court's decision granting Francis J. Seng's (Seng) claim against him for contribution to damages resulting from their joint liability on a promissory note to the Dubois County Bank (Bank).

We reverse and remand.

Buchta was originally a partner in B & S Auto Brokers (B & S) with Robert L. Schenetzke (Schenetzke). The partnership sold used automobiles at wholesale and retail. Seng was originally an employee of B & S Auto Brokers. He purchased Buchta's interest in the partnership and the contract provided that "Seller is relieved of all obligations and liabilities". The partnership name was changed to S & S Auto Brokers (S & S).

Both the original partnership, B & S, and the subsequent partnership, S & S, sold automobiles by installment contracts and assigned the contracts to the Bank with full recourse. After S & S was formed, the automobile buyers defaulted on five of these contracts, which had been negotiated by B & S. The Bank contacted Seng, Buchta and Schenetzke to recover the delinquent amounts. S & S did not have cash to pay the Bank. In order to give S & S time to raise money, the Bank loaned the partnership money to cover the delinquent contracts. The loan was made as a 90 day note to "S & S AUTO BROKERS—A PARTNERSHIP". Seng and Schenetzke signed the note with the notation they were "partners" next to their names. At the request of the Bank's officer, Buchta also signed the note without language indicating his status.

S & S was unable to pay the note at the end of 90 days. Additionally, they encountered collection problems with several other installment contracts which had been assigned to the Bank. Ultimately, the Bank filed a two count complaint to recover the amount due on the delinquent installment contracts and to recover the amount due on the note. The Bank named S & S, Seng, Schenetzke [1], and Buchta as defendants.

Seng filed a cross-claim for fraud against Buchta alleging that he had misrepresented the partnership's assets. Buchta responded with a counterclaim against Seng alleging that he had breached his duty to assume all of Buchta's liabilities pursuant to their purchase agreement of Buchta's interest in B & S. Buchta also sought idemnification from Seng for any judgment the Bank might receive against him. In his answer to the Bank's complaint, Buchta also alleged that he had signed the note with the understanding he was signing as a guarantor.

The trial court instructed the jury on the various verdicts it could return on each claim. The jury returned two verdicts; 1) on count one of the Bank's complaint involving the delinquent contracts, it found for the Bank and against Seng and 2); on count two concerning the 90 day note, it found for the Bank and against S & S, Seng, and Buchta.

The Bank subsequently filed a motion for proceedings supplemental against Seng and Buchta to recover the judgment on the note.[2] Seng filed a cross-claim for contribution against Buchta. A hearing was held on the Bank's motion and on Seng's cross-claim. Initially, the court allowed the Bank to satisfy the judgment against Seng. Thereafter, the court granted Seng's claim for contribution and entered judgment against Buchta for one half the amount of the Bank's judgment plus interest.

The basis for both Seng's claim for contribution and for the trial court's decision is that Seng and Buchta were found jointly and severally liable on the note as co-makers. Therefore, Seng and the trial court

---

1. Schenetzke subsequently filed bankruptcy and received a discharge of this obligation. He was not an active party at trial.

2. Seng satisfied the judgment on count one of the Bank's complaint.

concluded that Seng as a co-maker was entitled to contribution from Buchta as a co-maker.

On appeal, Buchta argues the trial court lacked jurisdiction to enter judgment on Seng's cross-claim for contribution because it was filed in proceedings supplemental which are summary in nature. Buchta argues contribution must be resolved in a separate proceeding. Buchta also argues that even if the trial court had jurisdiction, its judgment is contrary to the evidence because he was only obligated on the note in relation to the installment contracts which Seng had assumed when he purchased Buchta's interest in B & S.

Our research has not revealed any Indiana cases which have dealt with the issue of whether a complaint for contribution may be filed in supplemental proceedings. Indeed, there is little Indiana law on the nature of contribution claims and applicable procedures. However, there is other authority for the proposition that a claim for contribution may be enforced by proceedings in the same case in which common liability is established. 18 C.J.S. *Contribution* § 13 (1939).

Assuming for the sake of Seng's argument that proceedings supplemental are proper to enforce contribution, without deciding the issue, we nevertheless conclude that the trial court erred by ordering Buchta's contribution.

Seng's claim for contribution is predicated on *McLochlin v. Miller,* (1966) 139 Ind. App. 433, 217 N.E.2d 50. In *McLochlin,* we held that a maker of a promissory note had a right to contribution against a co-maker and that he could exercise the right against the deceased co-maker's estate. Thus, at first glance, it appears Seng's claim for contribution is appropriate because his common liability with Buchta was determined at trial on the Bank's complaint. Seng and Buchta signed the note and Seng now seeks contribution pursuant to *McLochlin.* However, this analysis does not go far enough in examining the issues presented at trial and in examining the relationship between Seng and Buchta.

■ At trial, Buchta alleged that he signed the note as a guarantor, that Seng had assumed all his obligations in B & S and that he was entitled to indemnification from Seng. These allegations, and evidence presented at trial that Buchta signed the note to enable S & S to continue operating, have raised the issue of whether Buchta signed the note as an accommodation party pursuant to Ind.Code 26-1-3-415. Contrary to Seng's argument, this issue was not resolved by the jury's verdict finding Seng and Buchta liable to the Bank on the 90 day note.

■ I.C. 26-1-3-415 provides that;
An accommodation is one who signs the instrument *in any capacity* for the purpose of lending his name to another party to it. (emphasis added.)

Thus, a co-maker of a note can be an accommodation party, *Fithian v. Jamar,* (1979) 286 Md. 161, 410 A.2d 569, and is liable as a maker to the principal, Id. An accommodation party's liability to the principal does not affect the relationship between the accommodation party and the party accommodated. The accommodation party is not liable to the party accommodated and has a right to indemnification against the accommodated party. Ind.Code 26-1-3-415(5), *Fithian v. Jamar, supra; Ridings v. Motor Vessel "Effort"* (N.Y.1968) 387 F.2d 888; *Northern Plumbing Supply, Inc. v. Gates,* (1972) N.D., 196 N.W.2d 70. Therefore, the jury verdict in the Bank's favor on the note did not resolve Seng's and Buchta's relationship. Although the jury was instructed on the potential verdicts it could render on Buchta's and Seng's cross-claims, particularly Buchta's claim for indemnification, no verdicts were returned on them and no judgment entered. Without resolution of their relationship, Seng's claim for contribution against Buchta based upon their joint liability to the Bank is insufficient to justify contribution pursuant to I.C. 26-1-3-415(5).

Judgment reversed.

RATLIFF and NEAL, JJ., concur.