The ESTATE OF Earl R. LEINBACH, Defendant-Appellant,

v.

Joan P. LEINBACH, Plaintiff-Appellee, and the Hamlet State Bank, Plaintiff-Appellee.

Consolidated Cause No. 3–1084A267.

Court of Appeals of Indiana, Third District.

Dec. 3, 1985.

Barbara L. Lehman, South Bend, for defendant-appellant.

Mark L. Phillips, Perry F. Stump, Newby, Lewis, Kaminski & Jones, La Porte, for plaintiff-appellee.

GARRARD, Judge.

In 1979 Earl and Joan Leinbach borrowed $50,000 from the Hamlet State Bank and executed and delivered to the bank their promissory note and a mortgage on certain real estate which they owned as tenants by the entireties. When Earl Leinbach died the bank filed a claim in his estate asserting the loan was due and unpaid in the outstanding balance of $47,-903.84. In addition the widow filed a claim in the estate asserting that she was entitled to contribution for one half the amount

of this debt and making certain other claims not in issue here. Subsequently, the trial court found that the estate was liable to the bank and ordered that the estate pay one half the debt and that it remain liable for the other one half in the event that the widow did not pay it and the security was insufficient to satisfy it. The court then noted in the widow's claim her claim for contribution on this note was moot. This appeal followed.

■ At the outset we note that the widow has raised the contention that the appeal as to her claim does not involve an appealable judgment since the other contentions in her claim are undecided. She is correct in this assertion but we will retain jurisdiction to pass upon the adjudicated issues pursuant to Indiana Rules of Procedure, Appellate Rule 4(E).

The estate urges that the rule permitting contribution between an estate and a surviving spouse in this kind of situation either has been changed by the legislature or ought to be changed by this court. It argues that the estate should only be secondarily liable on such debts.

We first observe that perhaps a considerable amount of the alleged confusion in this area stems from a failure by the critic to bear in mind the distinct choices accorded by the law concerning joint and several obligations and debts which are secured by both a note and a mortgage.

It may well be that the mine run case to collect upon such indebtedness involves a foreclosure of the mortgage. If so we might offer the conjecture that in the vast majority of instances foreclosure of the mortgage represents the best real alternative to collect the debt. In any event, it is clearly the Indiana rule that in the absence of a contractual commitment to the contrary the creditor may, if he chooses, simply sue on the note, secure a personal judgment and effect collection against other assets of the debtor. *See, e.g., Mitchell v. Ringle* (1898), 151 Ind. 16, 50 N.E. 30. Of course, in order to pursue personal liability against the estate of a deceased debtor, the statute requiring a claim filed in the

decedent's estate must be complied with. *See* IC 29–1–14–1 *et seq.*

■ The question was posed in the trial court as to why, as long as the creditor gets paid, it should be able to "control the ultimate distribution of the estate's assets" by electing to file or by foregoing the filing of a claim in the estate. We believe that posing the question in this form obscures the primary significance of the act. Apart from the separate consideration of whether at the time for action the real estate constitutes ample security for the debt, the answer to the question is this: because that is what the parties themselves agreed to. More precisely, it is because the law permits the creditor on a joint and several obligation to seek recovery from any or all of those liable. That is the meaning of joint and several liability.

■ On the other hand, as between the debtors themselves equity will permit one who has paid the debt to recover from the other the portion he should have borne. *Judd v. Small* (1886), 107 Ind. 398, 8 N.E. 284.

■ Thus, in the context of a husband and wife giving a promissory note secured by a mortgage on tenancy by the entirety real estate, the Indiana courts held as early as 1919 that where the estate paid the entire balance of the debt, it was entitled to claim contribution from the widow for half the payment. *Magenheimer v. Councilman, Gdn.* (1919), 76 Ind.App. 583, 125 N.E. 77.

In *McLochlin v. Miller* (1966), 139 Ind. App. 443, 217 N.E.2d 50 the court was asked to consider the vitality of this rule of contribution under circumstances where the widow paid the joint and several note by executing and delivering a new note which was accepted by the bank and then filed a claim in the estate for one half the debt. Judge Wickens, writing for the court, concluded that *Magenheimer* represented the better rule; that it offers the stability of an accepted rule of property, and that formulating a durable rule upon the basis of any isolated set of facts ap-

peared impossible. The court allowed contribution.

The estate asks that we again reconsider the rule. It urges that IC 29–1–17–9 should be interpreted as disclosing a legislative intent disapproving *McLochlin*. We disagree. That statute provides:

"When any real or personal property subject to a mortgage, pledge or other lien is specifically devised, the devisee shall take such property so devised subject to such mortgage unless the will provides expressly or by necessary implication that such mortgage be otherwise paid. If a mortgagee receives payment on a claim based upon the obligation secured by such mortgage, the devise which was subject to such mortgage shall be charged with the reimbursement to the estate of the amount of such payment for the benefit of the distributees entitled thereto."

By its own terms the statute's application is limited to property that passes by specific devise. It simply has no bearing on a situation involving the death of one tenant by the entireties or of one of two or more joint owners with right of survivorship. That, however, is not the only reason the statute is inapposite. The statute speaks to the devolution of encumbered property, not to the incidents of a decedent's joint and several obligation to another. It is this joint and several nature of the obligation that gives rise to the right of contribution. *McLochlin, supra.*

The decision in *Matter of the Estate of Smith* (1979), 180 Ind.App. 198, 388 N.E.2d 287 merely reflects this distinction. It should not, as appellant asserts, cause confusion. In *Smith* the decedent had purchased a residence and given a note and mortgage before he married. Upon his marriage he caused the real estate to be conveyed to himself and his wife as tenants by the entireties. Then he died. For whatever reason the mortgagee failed to file a claim in the husband's estate based upon the note and the right to participate in the personal assets of the estate was thereby lost. Since the widow was not a personal obligor on the debt, she had no personal liability thereon. On the other hand, at least since *Beach v. Bell* (1894), 139 Ind. 167, 38 N.E. 819, our courts have interpreted the various claims statutes as permitting a mortgagee or other lienholder to forego filing a claim and instead look to the security interest held to satisfy the debt. Thus, *Smith* simply held the bank could still pursue its mortgage if the debt were not paid.[1] The case involved no question of contribution.

Neither do we find it inconsistent with the holding in *McLochlin* that IC 6–4.1–3–13(b) permits the estate an inheritance tax deduction only for the amount of mortgages of the decedent on real property located in this state which is subject to inheritance tax. If the estate pays any or all of the debt secured by a mortgage it is entitled to deduct the payment in determining inheritance taxes. IC 6–4.1–3–13(b)(1). On real estate in the estate it may deduct the amount of the mortgage so that the tax is imposed on the actual value of the property transferred. However, no deduction is permitted for the amount of a mortgage on tenancy by the entirety real estate because no tax is imposed on the value of that property. No presumption as to who should pay the mortgage is involved.

We agree with the *McLochlin* court that we should not under the appropriate circumstances hesitate to consider a prior decision's continued vitality. As a generalization, however, we should not overrule a prior decision of this court unless we are persuaded of two things. First, we must

---

1. The opinion in *Smith* merely cited IC 29–1–14–1 without signal as supporting the creditor's right to proceed on the mortgage apart from filing a claim. The citation should have been qualified since the statutory provision states that nothing in the section (concerning the filing of claims in estates) shall affect or prevent any action to enforce a mortgage, or other lien, upon property *of the estate*. On the other hand

the statutory bar for failure to file applies in favor of "the estate, the personal representative, the heirs, devisees and legatees." While tenancy by the entirety real estate is not "property of the estate," the surviving joint owner is not one of the protected class as to that ownership either. There being no bar to enforcement of the mortgage lien upon the real estate, the mortgagee could still look to the property.

be convinced that the prior decision was wrongly decided, or that while perhaps correctly decided at the time, circumstances have changed so substantially as to make the decision now incorrect. Secondly, we should then determine that less mischief will result from the adoption of a new rule than will follow perpetuation of the old one.

The estate's argument fails to persuade us of either criterion. We can conceive of circumstances where abolishing the rule would do inequity. The *McLochlin* court observed the impossible task of developing a fact sensitive rule. Moreover, we think public policy warrants a deference or concern for the interests of a surviving spouse, that differs from the interests of parents, children, or other devisees and heirs. We conclude that *McLochlin* should remain the law in Indiana.

 The estate asserts that in order to be entitled to contribution, the widow (claimant) must have first paid the debt or more than her proportionate share thereof. We agree, and *McLochlin* so states. 217 N.E.2d at 53. Here the court has ordered no contribution. It was, however, premature in finding this aspect of the widow's claim moot if the estate has not yet paid the judgment entered against it in favor of the bank.

As to the judgment in favor of the bank, we think the court erred in anticipating a right to contribution and granting judgment outright for only half the debt and finding the state secondarily liable for the other half. But no issue has been presented concerning this mistake.

The bank filed no cross appeal seeking judgment for the entire amount, and the estate surely suffered no harm from the determination that it was primarily liable for only half the claim. The estate has argued that it should have no primary liability to the bank at all. That argument is without merit because the decedent was primarily, albeit jointly and severally, liable on the note.

The bank's claim asserted the debt was wholly due and unpaid, and the trial court so found. On appeal the estate has not challenged the determination that the note was due. It has not challenged the amount of the judgment apart from its contention that the estate should have no primary liability at all.

Any errors in the judgment awarded the bank have therefore been waived.

The judgment on the bank's claim is affirmed. The widow's claim is remanded for further proceedings consistent herewith. Costs taxed to the estate.

Affirmed in part; remanded in part.

STATON, P.J., and HOFFMAN, J., concur.