**In the Matter of the ESTATE OF Edwin Alexander SHOAF, deceased.**

**No. 41A01–0009–CV–298.**

Court of Appeals of Indiana.

June 20, 2001.

Vincent S. Taylor, Taylor Bauer & Densford, Bloomington, IN, Attorney for Appellant.

J. Andrew Woods, Loveall and Woods, Franklin, IN, Attorney for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Terrie Usrey and Kenneth Shoaf ("Edwin's children") appeal the trial court's grant of the Motion for Summary Judgment filed by their stepmother, Sharon Shoaf ("Sharon"). They present one issue on appeal, namely whether the trial court erred when it granted Sharon's Motion for Summary Judgment. The Motion requested contribution from the Estate for 50% of the unpaid mortgage debt on the residence held in co-tenancy by Edwin and Sharon. We affirm.

### FACTS AND PROCEDURAL HISTORY

In 1992, Edwin and Sharon Shoaf purchased as tenants by the entireties a residence located at 140 Appletree Road, Greenwood, Indiana. On July 4, 1999, Edwin died intestate. The balance owed on the home mortgage as of that date was $127,101.40. Between the time of Edwin's death and the hearing on Sharon's Motion for Summary Judgment, Sharon paid a total of $63,954.09 on the mortgage note, then filed a claim for contribution against the estate for one-half of the mortgage debt, or $63,550.70. Edwin's children, as heirs of the estate, filed a response in opposition to Sharon's claim. The trial court granted Sharon's request, and Edwin's children brought this appeal.

## STANDARD OF REVIEW

In reviewing the grant of a summary judgment motion, we apply the same standard applicable in the trial court. Summary judgment is appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Wisniewski v. Bennett,* 716 N.E.2d 892, 894 (Ind.1999). Although the party that has not prevailed below has the burden of persuading the reviewing court that the grant of summary judgment was erroneous, that court will carefully assess the trial court's decision to ensure that party was not improperly denied its day in court. *Id.* All facts and reasonable inferences drawn from those facts are construed in favor of the party that lost below. *Id.*

## DISCUSSION AND DECISION

Edwin's children claim the trial court erred in awarding Sharon $63,550.70, or one-half of the balance owed on the mortgage; instead, they argue that Sharon should be awarded only $403.39, the amount she paid *over* her one-half share of the mortgage debt. In contrast, Sharon argues that since she paid over one-half of the joint mortgage debt, she should be entitled to contribution from the estate for the entire $63,550.70.

The parties do not dispute the facts in this case; thus, we find it appropriate to resolve this issue as a matter of law. No case exactly on point has been decided in Indiana; therefore, we consider the existing law in Indiana on this issue and law from other jurisdictions, as well, in making our determination.

First, we note Indiana's general statute regarding an estate's liability on contracts, Ind.Code § 29–1–14–5:

Every contract executed jointly by the decedent with any other person or per-

sons, and every joint judgment founded on such contract, shall be deemed to be joint and several for the purpose contemplated in section 4 of this chapter; and the amount due thereon shall be allowed against the estate of the decedent as if the contract were joint and several.

Based upon this statute, the estate could be jointly and severally liable on the mortgage note along with Sharon.

Next, we turn to three Indiana cases cited by both Edwin's children and Sharon on the issue of whether an estate may be liable when the surviving spouse seeks contribution for debt on property held in co-tenancy during the marriage. Indiana has followed the majority rule among states on this issue since the decision of *Magenheimer v. Councilman,* 76 Ind.App. 583, 125 N.E. 77 (1919). In *Magenheimer,* the decedent and his wife purchased property as tenants by the entirety. The mortgage on the property was in both their names. When the decedent passed away, the administrator of the estate paid the mortgage note upon demand by the mortgage holder, charging one-half of it to the estate and the other half to the widow. The court of appeals affirmed this action, determining that decedent's status as a joint debtor on the note did not change after his death. *Id.* at 583, 125 N.E. at 78.

Similarly, in *McLochlin v. Miller,* 139 Ind.App. 443, 217 N.E.2d 50 (1966), the court held, based upon the decision in *Magenheimer,* that the estate was liable to the surviving spouse for contribution after the surviving spouse paid off the mortgage debt. The court found it immaterial that the mortgage holder did not actually make a claim on the estate for the debt; instead, it held that the estate's underlying legal liability for the debt was sufficient to require contribution. *Id.* at 448, 217 N.E.2d at 53.

Finally, in *Leinbach v. Leinbach,* 486 N.E.2d 2 (Ind.Ct.App.1985), the court clarified the contribution rule by noting that the surviving spouse is entitled to contribution from the estate on joint debt when the parties were co-tenants, but first the surviving spouse must pay all of the debt or more than her proportionate share thereof. In its opinion the court also reaffirmed the holding in *McLochlin,* finding that the well-established rule of law should continue at least in part for the sake of continuity in law. *Leinbach,* 486 N.E.2d at 5.

As noted previously, Indiana follows the majority rule among states in allowing contribution from the estate in a situation such as the one presented in this case. Those cases require that the surviving spouse pay more than his or her share of the debt prior to receiving any contribution. However, the question remains whether payment by the surviving spouse of more than half yet substantially less than all of the mortgage debt entitles that spouse to receive contribution from the estate of an entire one-half of the debt based upon the decedent's obligation for that debt. Indiana courts have not yet answered this precise question; thus, we look to reasoning from courts in other jurisdictions for guidance.

In *White v. Parnell,* 397 F.2d 709, (D.C.Cir.1968), the court explained the theory behind the majority rule allowing at least some contribution under facts such as those in this case:

> Central to the reasoning in most of the cases allowing contribution is a recognition of two settled legal concepts. First, when a husband and wife take by tenancy by the entireties, the interest of each comprehends the entire fee. Thus,

when the survivor takes the realty upon the death of his or her mate, there is no conveyance, since the survivor's title already extended to the whole of the property. This fact was recognized by Judge Laws in his memorandum opinion, supra, when he wrote: 'Ownership thus held constitutes ownership of the whole of the property, not of equal portions. Therefore, upon the death of one of the parties, in this case the wife, the husband takes nothing from the deceased, but the interest of the latter simply ceases. There is no conveyance involved.'

> The second applicable legal concept, even more elementary than the first, is the severability of the note and the deed. Decedent, in her lifetime, incurred the obligation as a co-principal on the notes, and we can see no reason why her death should change her liability. The deeds of trust were simply the security; the notes themselves were the primary obligation. Decedent could have been sued on the notes at any time there was a default and, if the property were foreclosed and a deficiency existed, she, and on her death her estate, would have been responsible, along with her husband, for the entire amount of the notes as obligee. The notes on the property will have to be paid by the survivor, and it follows that he is entitled to contribution from the estate of the decedent.

397 F.2d at 710.[1] This explanation for the rule allowing contribution provides us with an answer to the question posed in our case, namely what amount of contribution Sharon Shoaf is entitled to receive. Edwin's obligation to pay one-half of the mortgage debt existed prior to his death; that obligation continued to exist after his

---

1. The opinion does not contain any factual information regarding how much, if any, of the mortgage indebtedness was paid by the surviving spouse prior to the claim for contribution.

death due to the possibility of a claim against the estate from the mortgage holder. Whether the mortgage holder made such a claim is immaterial; the estate's underlying obligation to the surviving spouse exists regardless of the filing of a claim. Sharon satisfied the prerequisite established by Indiana caselaw in paying more than one-half of the mortgage debt. She was thus entitled to make a claim against the estate for contribution of Edwin's one-half, and the trial court was correct in granting her request.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.