**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANTS:

**RANDY J. SPITAELS**
Kindig & Sloat, PC
Nappanee, Indiana

ATTORNEY FOR APPELLEE:

**WILLIAM G. LAVERY**
Whisler & Lavery
Elkhart, Indiana



FILED
Sep 05 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ESTATE OF LEWIS G. MARK, Deceased, and EVELYN J. MARK, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No.  71A03-1203-MF-143 |
| | ) | |
| 1st SOURCE BANK, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-1104-MF-144

**September 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Lewis Mark executed a mortgage on real estate owned by Lewis and his wife, Evelyn Mark,[1] to 1st Source Bank as security for Lewis's guarantee of a loan to JDL, LLC. After JDL entered default and more than two years after Lewis's death, 1st Source filed an action to foreclose the Marks' property. The trial court granted 1st Source's motion for summary judgment as to its foreclosure complaint. Evelyn, acting individually and on behalf of the Estate of Lewis G. Mark, raises one issue for our review: whether Indiana Code section 29-1-14-1(d) bars 1st Source's foreclosure claim. Concluding Indiana Code section 29-1-14-1(e) permits foreclosure actions for in rem judgments even if the action was not filed within nine months of the decedent's death, we affirm the trial court's grant of summary judgment in favor of 1st Source.

## Facts and Procedural History

In 2002, JDL, LLC, executed a note to 1st Source in the original principal amount of $156,000. Lewis, now deceased, guaranteed the note to 1st Source.[2] Lewis secured his guarantee with a mortgage to real estate owned by Lewis and his wife, Evelyn (the "Real Estate").[3] Lewis died on December 3, 2008, and no estate has ever been opened for him. On February 7, 2011, 1st Source sent a notice of default, acceleration, and demand for immediate payment in full for the balance of the indebtedness to JDL and all guarantors. After 1st

---

[1] While we presume the Marks owned the real property as tenants by the entireties, see Ind. Code § 32-17-3-1, nothing in the record affirmatively establishes this fact.

[2] The note was also guaranteed by two other individuals, Jeffery Chamberlin and David Fawver, but they are not parties to this appeal.

[3] Other parcels of real estate was also used to secure guarantees to 1st Source, but they are not at issue

Source did not receive payment in full, it initiated an action against Evelyn and the Estate of Lewis G. Mark ("the Marks") to foreclose the mortgage on the Real Estate.

In August, 2011, 1st Source moved for summary judgment against the Marks. In October, 2011, the Marks moved for summary judgment pursuant to Indiana Trial Rule 56(B). After a hearing, the trial court granted 1st Source's motion for summary judgment, but it granted only an in rem judgment against the Marks. The Marks moved to correct error, the motion was deemed denied, and the Marks now appeal.

## Discussion and Decision

### I. Standard of Review

When reviewing summary judgment actions on appeal, we apply the same standard as the trial court. Cox v. N. Indiana Pub. Serv. Co., Inc., 848 N.E.2d 690, 695 (Ind. Ct. App. 2006). We apply a de novo review, but we limit our review to those materials designated to the trial court. Id. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

### II. Summary Judgment

In support of its motion for summary judgment, 1st Source designated the note from JDL to 1st Source, Lewis's unconditional guarantee, the mortgage of the Real Estate offered as security to Lewis's guarantee, and notices of default. The Marks do not contest any of 1st Source's designated evidence or the fact that JDL was in default. The Marks argue Indiana Code section 29-1-14-1 requires claims against an estate be filed within nine months after the

in this appeal.

3

death of the decedent, and because 1st Source's claim was not brought until more than two years after Lewis's death, 1st Source's claim for foreclosure is barred.

> That section provides:
>
> (a) Except as provided in IC 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:
>> (1) three (3) months after the date of the first published notice to creditors; or
>> (2) three (3) months after the court has revoked probate of a will, in accordance with IC 29-1-7-21, if the claimant was named as a beneficiary in that revoked will;
> whichever is later.
> * * *
> (d) All claims barrable under subsection (a) shall be barred if not filed within nine (9) months after the death of the decedent.
> (e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge, or other lien upon property of the estate.

Ind. Code § 29-1-14-1.

The Marks argue sub-section 29-1-14-1(d) clearly bars claims not excepted in sub-section 29-1-14-1(a) that are not filed within nine months after the death of a decedent. 1st Source argues, however, that sub-section 29-1-14-1(e) provides that the section does not apply to the enforcement of mortgages upon property of the estate. When interpreting a statute, we look to the plain meaning of the statute and attribute the common, ordinary meaning to the terms, and the primary goal in interpreting the meaning of a statute is to determine and effectuate legislative intent. D.R. v. State, 729 N.E.2d 597, 599 (Ind. Ct. App. 2000).

Here, the language of sub-section 29-1-14-1(e) is clear: despite the statutory limitations for making a claim against a decedent's estate provided in Indiana Code section 29-1-14-1, none of the limitations in section 29-1-14-1 prevent an action to enforce a mortgage or lien upon property of the estate. Since the nine-month claims barring provision is contained in section 29-1-14-1, it is necessarily included in subsection 29-1-14-1(e) as a limitation which does not affect or prevent a proceeding to enforce a mortgage or lien upon property of the estate. Where, as here, the party attempting to foreclose a mortgage is granted only an in rem judgment, this is permissible beyond nine months after decedent's death. See In re the Estate of Smith, 180 Ind. App. 198, 200, 388 N.E.2d 287, 289 (1979). An in rem action is an action against property of the estate. Because no claim was filed within the nine-month time period, however, 1st Source is unable to recover anything from the estate beyond the value of the Real Estate. If 1st Source had filed a claim within the time requirement, it could have pursued from the estate's other assets any excess amount still owed to the 1st Source after a foreclosure sale.

## Conclusion

Indiana Code section 29-1-14-1 contains a non-claim statute that prevents most claims that are not filed within nine months of the decedent's death. However, sub-section 29-1-14-1(e) allows such tardy claims to enforce mortgages or other liens upon property of the estate if they are claims for in rem judgments only. The trial court granted 1st Source only an in rem judgment, and we therefore affirm the trial court's grant of summary judgment in favor of 1st Source.

Affirmed.

BAKER, J., and BRADFORD, J., concur.